Robert KANE, Individually and On Behalf of All Other Persons Similarly Situated, Plaintiff,

v.

GAGE MERCHANDISING SERVICES, INC., AHL Services, Inc., and Argenbright, Inc., Defendants.

No. CIV.A. 00–40185–NMG.

United States District Court, D. Massachusetts.

April 4, 2001.

Christine E. Morin, Todd Heyman, Thomas V. Urmy, Jr., Shapiro, Grace, Ha-

ber & Urmy, LLP, Boston, MA, for Plaintiff.

Robert B. Gordon, Emily Chi Fogler, M. Concetta Burton, Ropes & Gray, Boston, MA, William A. Clineburg, Jr., Matthew A. Boyd, King and Spalding, Atlanta, GA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, Robert Kane ("Kane"), brings this action against defendants, Gage Merchandising Services, Inc. ("Gage"), AHL Services, Inc. ("AHL"), and Argenbright, Inc. ("Argenbright") (collectively, "the Defendants"), on behalf of himself and all other persons similarly situated to recover overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Pending before this Court is plaintiff's motion seeking 1) an order directing the Defendants to provide plaintiff with the names and last known mailing and e-mail addresses of all persons employed by the Defendants as Crew Coordinators between October 18, 1997 and the present, and 2) authorization to advise each member of the putative class of the pendency of the instant action and their opportunity to "opt-in" (Docket No. 9).

## I. *Background*

Kane has been employed as a Crew Coordinator by Gage and its predecessor, Professional Inventory Management and Merchandising Systems ("PIMMS"), since March of 1991. Gage is a division of Argenbright and AHL is the parent corporation of Argenbright. Kane has been on a worker's compensation leave of absence since September 22, 2000, and is not actively employed by the Defendants as a Crew Coordinator.

Gage is engaged in the business, among others, of performing interior store "resets" (refurbishing the interiors of commercial retail stores) nationwide. Between October 17, 1997 and the present, Gage has transacted business in Massachusetts under both its current name and as PIMMS. Crew Coordinators supervise all of the employees working on a particular job site and have complete on-site responsibility for implementing the store reset plan. On Tuesday, January 16, 2001, Gage notified all of its employees that it was shutting down operations in its store reset business due to the unprofitability of that division.

## II. *Analysis*

The FLSA requires that employees be compensated for hours worked in excess of 40 hours per week at a minimum rate of one-and-one-half times their regular rate of pay, 29 U.S.C. § 207(a), although certain employees are exempt from that requirement. 29 U.S.C. § 213. Gage divides its Crew Coordinators into two categories for payroll purposes. Some Crew Coordinators are considered exempt employees and are paid a salary, while others are considered non-exempt and are paid on an hourly basis, including overtime as required. Kane alleges that, since October 18, 1997, Gage has failed to pay overtime to its Crew Coordinators in violation of 29 U.S.C. § 207.

The FLSA provides a representative right of action to recover unpaid overtime compensation:

> An action...may be maintained against any employer...in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in

writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This provision establishes an "opt-in" scheme whereby potential plaintiffs must affirmatively notify the court of their intention to be a party to the class action in order to be bound by and benefit from it. As stated in § 216(b), only potential plaintiffs "similarly situated" to the named plaintiff may join the representative action. The United States Supreme Court has held that district courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

 Although the First Circuit Court of Appeals has not yet addressed the issue, district courts, both inside and outside of this circuit, have developed two methods for determining whether potential plaintiffs are "similarly situated" for purposes of class certification under § 216(b): 1) a "two-step" approach involving notification to potential class members of the representative action followed by a final "similarly situated" determination after discovery is complete, and 2) an approach coextensive with the requirements of class certification under Fed.R.Civ.P. 23 (i.e. numerosity, commonality, typicality and adequacy of representation). *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213–14 (5th Cir.1995). This Court is cognizant that both approaches have been followed within the First Circuit. *See Reeves v. Alliant Techsystems, Inc.*, 77 F.Supp.2d 242, 246–47 (D.R.I.1999)(following the "two-step" approach); *Dionne v. The Ground Round, Inc.*, No. 93–11083, slip op. at 5 (D.Mass. July 6, 1994) (adopting the Rule 23 approach "insofar as it is consistent with 29 U.S.C. § 216(b)"). However, because this Court is persuaded by the argument that the requirements of Rule 23 are for the most part inapplicable to § 216(b) representative actions and/or are subsumed in the "similarly situated" inquiry, it will apply the "two-step" method. *See, e.g., Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 306–07 (N.D.Ca.1991); *Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 399 (D.N.J. 1988).

 Under the two-tiered approach, the trial court must first decide whether the potential class should receive notice of the action. *Reeves*, 77 F.Supp.2d at 246. At this initial "notice stage", the court usually relies "only on the pleadings and any affidavits which have been submitted...." *Mooney*, 54 F.3d at 1214. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Indeed, some courts have held that, at the "notice" stage, plaintiffs need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Id.* at 1214 n. 8.

 After discovery is complete, the party opposing the conditional class may file a motion for decertification. *Reeves*, 77 F.Supp.2d at 247. If the district court concludes that the putative class members are not "similarly situated", it "may decertify the class, and dismiss the opt-in plaintiffs without prejudice." *Id.* If, on the other hand, the court finds that the putative class members are "similarly situated", it permits the case to go to trial as a class action. *Id.*

 Applying the more lenient standard for class notification because it appears to be in keeping with the purpose of § 216(b), this Court concludes that notice in this case is appropriate.

Kane believes that there may be over 100 persons who have been employed as Crew Coordinators by the Defendants since October 18, 1997. He has submitted a list of 51 Crew Coordinators (including himself) whom he contends were not adequately paid for overtime hours worked in connection with the Defendants' contract with CVS. Kane claims that an area manager for the Defendants, Peter Zaniewski, told him that those Crew Coordinators were not paid overtime because CVS refused to compensate the Defendants for overtime hours worked by its Crew Coordinators. *See* Affidavit of Robert Kane in Reply to Defendant's Opposition, at ¶ 3. Kane's attorney also contends that counsel for the Defendants told him that

> there were approximately 50 persons, including the plaintiff, who defendants had employed as Crew Coordinators and had treated as exempt employees to whom they were not required to pay overtime compensation.

*See* Affidavit of Thomas V. Urmy, Jr., at ¶ 4. Moreover, the Senior Vice President of Operations for Gage has admitted that some of the Defendants' Crew Coordinators were considered exempt employees and were paid a salary. *See* Affidavit of Gary Russell, at ¶ 5.

The record thus suggests that the Defendants had a policy of treating at least some of a discrete class of employees (i.e. Crew Coordinators) as exempt from the FLSA overtime requirements. That showing is sufficient for this Court to determine that a "similarly situated" group of potential plaintiffs exists given the adopted lenient standard for court-facilitated notice. *See, e.g., Sperling,* 118 F.R.D. at 407 (courts generally require only "substantial allegations that the putative class members were together the victim of a single decision, policy, or plan infected by discrimination."); *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997)(requiring only "a modest factual showing sufficient to demonstrate that [plaintiffs] and potential plaintiffs together were the victims of a common policy or plan that violated the law"). The conditional class will be limited to Crew Coordinators employed by the Defendants between October 18, 1997 and the present who were treated by the Defendants as exempt from the overtime requirements of the FLSA.[1]

By virtue of this conditional certification, this Court renders no opinion on the merits of Kane's claims. *See Hoffmann–La Roche,* 493 U.S. at 174, 110 S.Ct. 482 ("[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."). Furthermore, the Defendants will be free to challenge the scope of the class, if appropriate, by filing a motion for decertification after limited discovery.

### ORDER

For the reasons set forth in the Memorandum above, plaintiff's motion for an order directing the defendants to provide plaintiff with the names and addresses of all putative class members and authorizing notice to such class members (Docket No. 9) is ALLOWED.

---

1. It is unclear from the record whether Kane was treated as exempt by the Defendants. Kane originally claimed to have been a non-salaried employee (i.e. paid by the hour and therefore not exempt), *see* Affidavit of Robert Kane in Support of Emergency Motion to Compel, at ¶ 3, while Defendants maintain that he was an exempt employee. *See* Affidavit of Gary Russell, at ¶ 6. In recent direct correspondence to the Court (which is not to be repeated in the future by either party under any circumstances) Kane suggests, however, that the Defendants treated him as exempt and this Court will therefore assume as much. *See* Letter of Thomas V. Urmy, Jr. (April 3, 2001).

Within ten (10) days of the date of this order, defendants will provide plaintiff with the names and last known mailing and e-mail addresses of each person employed by any defendant as a Crew Coordinator at any time between October 18, 1997 and the present who was treated as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

Plaintiff is authorized to send each class member a notice informing them of the pendency of this lawsuit and their rights with respect thereto. Counsel for defendant shall, within ten (10) days of the date of this order, submit to this Court any objections it has to plaintiff's proposed notice letter and consent form (by which class members may join this lawsuit), or, in the alternative, submit its own proposed notice letter and consent form.

So ordered.