**Andrea BERNARD, et al., Plaintiffs,**

v.

**HOUSEHOLD INTERNATIONAL, INC., et al., Defendants.**

**No. CIV.A. 2:02CV408.**

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 21, 2002.

David R. Simonsen, Jr., Esquire, Richmond, James H. Shoemaker, Jr., Esquire, Douglas E. Miller, Esquire, Patten, Wornom, Hatten & Diamonstein LC, Christopher C. North, Esquire, Newport News, VA, for Plaintiffs.

John T. McDonald, Esquire, William M. Furr, Esquire, Timothy M. McConville, Esquire, Willcox & Savage, P.C., Norfolk, VA, for Defendants.

## OPINION AND ORDER

SMITH, District Judge.

This matter is before the court on plaintiffs' motion for approval of notice to class, extension of time for filing opt-in claims, and continuance. For the reasons stated below, the court **DENIES** plaintiffs' motion.

### Factual and Procedural History

On May 31, 2002, plaintiff Andrea Bernard ("Bernard") filed this complaint on behalf of herself and all others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by her employer Household International, Inc. ("Household"). The complaint alleges that Household failed to pay overtime compensation as required by the FLSA. An amended complaint was filed on July 3, 2002. Household answered on July 29, 2002. Plaintiffs filed the instant motion on September 20, 2002, along with a memorandum in support. A second amended complaint was filed on September 30, 2002. Household filed a memorandum in opposition to the instant motion on October 17, 2002. The plaintiffs replied on October 24, 2002. The court has considered all of the submissions before it, and has determined that a hearing is not necessary. Therefore, the matter is now ripe for review.

### Analysis

The named plaintiff Andrea Bernard filed suit on May 31, 2002, seeking unpaid overtime compensation. Since the filing of the complaint, twenty-two additional plaintiffs have opted-in to the case. All of those who have opted-in are employed at one of defendant's Virginia offices, located in the cities of Chesapeake and Virginia Beach. Defendant maintains twenty different offices in cities located throughout fifteen states.

■ Section 216(b) of the FLSA authorizes a plaintiff alleging FLSA violations to file suit "for and in behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). Those wishing to participate must give written consent in order to become a party plaintiff. These collective actions, as they are known, are intended to serve the interests of judicial economy through resolution in a single proceeding of claims stemming from common issues of law and fact, and to aid in the vindication of plaintiffs' rights by lowering the individuals' costs with a pooling of claims and resources. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Such goals cannot be met without allowing the court to manage the process of notification and joinder of additional parties. The Supreme Court has determined, and the Fourth Circuit has recognized, that "district courts have the discretion, in appropriate cases, to implement § 216(b) ... by facilitating notice to potential plaintiffs." *Shaffer v. Farm Fresh*, 966 F.2d 142, 147 (4th Cir.1992) (quoting *Hoffmann*, 493 U.S. at 169–70, 110 S.Ct. 482). However, the approval of notice is not mandatory, but rather discretionary; the Supreme Court warns that such intervention "is distinguishable in form and function from the solicitation of claims." *Hoffmann*, 493 U.S. at 174, 110 S.Ct. 482. It is the preservation of this distinction that leads courts to attempt to set out a test for issuance of notice. There are variations among circuits as to the proper test, and the Fourth Circuit has not ruled on the matter. However, the statute itself provides the criteria for evaluation; potential plaintiffs must be "similarly situated." 29 U.S.C. § 216(b).

■ Before this court can order issuance of a notice, then, plaintiffs must demonstrate that there are others similarly situated. Mere allegations will not suffice; some factual evidence is necessary. *See*

*D'Anna v. M/A–COM, Inc.*, 903 F.Supp. 889, 893–94 (D.Md.1995) ("[T]he better reasoned cases require the plaintiff to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists."); *Camper v. Home Quality Management Inc.*, 200 F.R.D. 516, 519–20 (D.Md.2000) (citing *D'Anna* in setting forth the same threshold for evaluation of "similarly situated").

Plaintiffs in the instant case fail to make such a showing as to potential plaintiffs in defendant's offices outside of Virginia. The information provided by plaintiffs, both in the pleadings and in supporting declarations and exhibits, is insufficient to support allegations that defendant has a company-wide policy resulting in potential FLSA violations. The incidents highlighted in the allegations and declarations instead focus on the acts of supervisors at the individual offices in Chesapeake and Virginia Beach. Plaintiffs submit that the management incentive plan, which rewards managers for unit productivity, encourages the practices alleged, such as the alteration of time sheets to remove overtime hours. However, the plan does not on its face encourage such clearly inappropriate behavior. Rather, the alleged actions rest on the interpretations of the plan by individual supervisors or managers.

The evidence provided by plaintiffs suffices to demonstrate that collection employees in the Chesapeake and Virginia Beach offices are similarly situated; it is not sufficient to warrant further extension of the class. Statements in one declaration typify the information offered regarding practices in offices outside of Virginia: "From my experience ... working closely with collection representatives throughout the country and through socializing with them, it is apparent to me that Household controls the various positions throughout the company, including 'collection repre-

sentatives,' through the same general policies, practices and procedures." (Decl. of Barbara J. Barber, ¶ 4, attached as Ex. C to Mem. Law Supp. Pl. Mot. for Approval of Notice to Class.) Other statements regarding collection representatives outside of the Chesapeake and Virginia Beach offices are prefaced with phrases such as "It is my understanding" and "I believe that." There are no declarations from employees in offices other than Chesapeake and Virginia Beach. There are not even any specific allegations regarding practices in other offices—no names of employees or supervisors, and no indication that the problems alleged through first-hand knowledge in the two Virginia offices exist elsewhere. Without more, this court cannot find that the "similarly situated" criteria is met as to overtime compensation practices for offices outside of Virginia.

The only scintilla of evidence of a company-wide policy provided by plaintiffs is the assertion that payroll is processed from a central location. Defendants do not argue with this contention; they provide an affidavit verifying this fact. (See Aff. of Kristy Palisi at ¶¶ 2–5, attached as Ex. 5 to Mem. Law Opp. Pl. Mot. Approval of Notice.) Central payroll does nothing more than process paychecks based on the information submitted by the individual offices, utilizing standard formulas for calculating overtime and factoring in incentive pay. *Id.* Simply put, central payroll acts only on the information it is given. The centralized payroll system alone is an insufficient basis on which to assert that the collection employees are similarly situated for purposes of nationwide notice in this matter. In short, plaintiffs' evidence falls far short of the required preliminary factual showing.

Plaintiffs' evidence does provide a preliminary factual showing from which the court can ascertain that collection employees within the Chesapeake and Virginia Beach offices are similarly situated. However, plaintiffs confirm that defendants have already provided names and addresses for these individuals. (See Mem. Law Supp. Pl. Mot. Approval of Notice to Class at 2.) Plaintiffs have also utilized extensive advertisements in newspapers to reach Virginia employees. (See Def. Mem. Law Opp. Pl. Mot. Approval of Notice at 2, Pl. Reply Mem. Supp. Mot. Approval of Notice at 7.) Further notice to collection employees in the Virginia offices is, in the opinion of the court, unnecessary. Plaintiffs have had ample opportunity to reach these individuals. Furthermore, the deadline set for opting-in has passed, and any further allowance of notice would require an extension of the deadline, and an unnecessary delay of the current case. Judicial economy and expeditious relief for the current parties is not served by such actions.[1] Potential plaintiffs already have had over five months to opt-in; the interests of justice do not require further extensions of time.

Because the court finds that no further notice is required, and that defendants have provided identifying information about potential class members employed in the Chesapeake and Virginia Beach offices, the remainder of plaintiffs' requests are rendered moot. As there will be no further notice required, defendants need not grant access to their facilities for the posting of notice. The opt-in date need not be extended, and no continuance is required at this point.

1. The court notes that plaintiffs' counsel is already having difficulty communicating with the multiple clients currently opted-in to this action and has offered this difficulty as a reason for delay in responding to interrogatories. (See Pl. Mem. Opp. Def. Mot. Compel.)

## Conclusion

For the reasons stated above, the court **DENIES** plaintiffs' motion. The Clerk is **DIRECTED** to forward copies of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**