Michael **HASKEN**, et al., **Plaintiffs,**

v.

The **CITY OF LOUISVILLE,**
et al., **Defendants.**

**Civil Action No. 3:00CV–546–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

Feb. 11, 2003.

Ann B. Oldfather, Andrew J. Horne, Oldfather & Morris, Louisville, KY, for estate of David Stewart and Joseph M. Sullivan/plaintiffs.

Denise L. St. Clair, J. Michael Brown, Sr., Edwin S. Hopson, Mitzi Denise Wyrick, Angela McCorkle Buckler, Wyatt, Tarrant & Combs, Louisville, KY, Kembra Sexton Taylor, Kentucky Labor Cabinet–General Counsel, John David Parsons, Kentucky Labor Cabinet Office of General Counsel, Frankfort, KY, Herbert L. Segal, Segal, Stewart, Cutler, Lindsay, Janes & Berry, Louisville, KY, Thomas A. Woodley, Douglas L. Steele, Woodley & McGillivary, Washington, DC, for defendants.

Herbert L. Segal, Segal, Stewart, Cutler, Lindsay, Janes & Berry, Louisville, KY, Thomas A. Woodley, Douglas L. Steele, Woodley & McGillivary, Washington, DC, for amicus.

### MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court upon motion of the plaintiffs, Michael Hasken and Gregg Hasken, on behalf of themselves and all persons similarly situated ("Haskens") to authorize further proceedings as a collective action pursuant to 29 U.S.C. § 216(b) (" § 216(b)"), and to certify this matter as a class action pursuant to Fed.R.Civ.Pro. 23 ("Rule 23")(DN–138).

### BACKGROUND

This case involves the method by which the City of Louisville ("City") compensated its firefighters. The Haskens, retired City firefighters, claim that by miscalculating the hourly rate of pay for purposes of determining overtime compensation, the City has underpaid its firefighters in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and Kentucky wage and hour laws, Ky.Rev.Stat. Ann. §§ 337.010–.550 ("KRS § 337"). The Haskens also allege common law breach of contract because these statutes were implicitly incorporated into a series of Collective Bargaining Agreements ("CBAs") between the City and the Louisville Professional Firefighters Association, Local Union 345, IAFF AFL–CIO–CLC ("Union").

The Haskens contend that by failing to include the various supplements in its calculation of the hourly rate of pay for scheduled overtime, the City has underpaid them and other similarly situated firefighters for the past several years in violation of the FLSA, KRS § 337, and the CBA.

The Haskens have asked this court to authorize further proceedings as an FLSA representative action pursuant to 29 U.S.C. § 216(b), and to certify this matter as a class action pursuant to FED.R.CIV.P. 23. They propose the class should be as follows:

> All persons employed by the Division of Fire of the City of Louisville in a nonexempt status at anytime from April 8, 1974, to the present who worked any overtime hours during the time they also received State Educational Incentive Pay, Longevity Pay, Salary Supplement, July Non–Discretionary Bonus or Clothing Allowance.

This class would include all current or former employees who are still alive, and those deceased employees whose estates are still subject to administration.

Because of the unique nature of the FLSA procedure for allowing collective action, the FLSA and state law claims (KRS § 337 and

breach of contract) must be considered separately.

## I. FLSA CLAIM

■ Under § 216(b), an action brought under the FLSA "to recover the liability . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." This provision allows any employee who is similarly situated to the other plaintiffs to join the lawsuit by filing appropriate notice with the court. *Wagner v. Loew's Theatres, Inc.*, 76 F.R.D. 23, 24 (M.D.N.C. 1977); *McGinley v. Burroughs Corp.*, 407 F.Supp. 903 (E.D.Pa.1975). To join the collective action, the statute only requires that the employees be similarly situated, not identically situated. *Shain v. Armour & Co.*, 40 F.Supp. 488, 490 (D.C.Ky.1941).

In the case before this court, all firefighters employed by the City while receiving certain salary supplements are similarly situated. All were impacted by the same employment practices. The City utilized the same method for calculating scheduled overtime when compensating all members of this group. Thus, they all have a claim against the city for allegedly miscalculating their overtime pay. Because these employees are similarly situated, the Haskens' FLSA claims may proceed as a representative action.[1]

## II. STATE LAW CLAIMS

■ The Haskens also request certification of a class pursuant to FED.R.CIV. P. 23 to pursue their supplemental state law claims. Rule 23(a) requires us to determine that four prerequisites—numerosity, commonality, typicality and adequacy of representation—have been met before we may certify a class action. We are satisfied that the class proposed by the Haskens satisfies each of these requirements.[2]

In addition to the Rule 23(a) requirements, Rule 23(b) describes additional elements which must be satisfied in order for a class action to proceed. The Haskens have requested that we certify their class under (b)(3), which requires us to find that (1) questions of law or fact common to members of the class predominate over individual questions and, (2) that a class action is superior to other available methods for adjudicating the controversy.

We find that questions of law common to the class predominate over individual questions as required by Rule 23(b)(3). Therefore, certification of the class in this case turns on whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3).

In making this determination, we are required to consider:

(A) The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) The difficulties likely to be encountered in the management of the class action. *Id.*

We find that a class action is not a superior method for the adjudication of state law claims by the proposed class members.

First, a large number of the proposed class members are already involved in a senior action on these issues in the Jefferson County, Kentucky Circuit Court. Approximately 800[3] firefighters have joined in *Kurtsinger,*

---

1. Such an action is not the same as class action under Fed.R.Civ.P. 23. Claims under the Fair Labor Standards Act cannot be maintained as a class action under Rule 23. The reason is that 29 U.S.C. § 216(b) limits the binding effects of a judgment adjudicating rights under the FLSA to persons who have filed a written consent to become parties to the suit. *Sims v. Parke Davis & Co.* 334 F.Supp. 774, 780 (E.D.Mich.1971), *aff'd* 453 F.2d 1259 (6th Cir.1971).

2. The only factor that the City disputes is typicality. We find that the claims and defenses of the proposed representative parties are typical of the claims and defenses of the proposed class.

3. Counsel for the individuals who have filed a claim in state court allege that 806 firefighters had joined their lawsuit as of October 16, 2002. The Haskens contend that only 670 had joined.

*et al v. City of Louisville,* 01–CI–00983. These firefighters, which the Haskens attempt to include in this class action, are already represented by other counsel and filed suit on their state law claims in the Jefferson Circuit Court prior to the commencement of this litigation. They have an interest in selecting their own forum, choosing their own counsel, and controlling their own litigation.

Second, we have substantial concerns about the jurisdictional nexus between the remaining federal claims in this case and a class action based on state law claims.

Under the FLSA, only the employees who were originally named as plaintiffs or filed their consent to join the suit can be part of the representative action. The FLSA claims of most of the plaintiffs who filed their consent to join this case are barred by the statute of limitations. We previously denied the Haskens' motion to equitably toll the FLSA statute of limitations, and dismissed the FLSA claims of these plaintiffs. *See* memorandum opinion of December 17, 2002. Therefore, we currently have before us less than twenty plaintiffs with viable FLSA claims.[4] The jurisdiction of this court to entertain the pending state law claims therefore is anchored solely on this handful of federal claims.

Under 28 U.S.C. § 1367(a), we have supplemental jurisdiction over other claims that "form part of the same case or controversy under Article III of the United States Constitution," including those that "involve the joinder or intervention of additional parties." While the state law claims of the proposed class form a part of the same case or controversy as the FLSA claims, we may decline to exercise our supplemental jurisdiction over them if, among other things, the state law claims substantially predominate over the federal claims or there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Were we to certify a Rule 23(b)(3) class, we would have somewhere in the neighborhood of 1,000 [5] plaintiffs with state law claims before us together with the appeal from administrative proceedings before the Kentucky Labor Cabinet. Supplemental jurisdiction over these claims would be grounded in only a handful of federal claims. On the other hand, approximately 800 of these plaintiffs are already litigating their state claims in state court. Class certification would force the 800 to litigate in a forum not of their choosing, and utterly overwhelm the few federal claims over which we have unquestioned jurisdiction. Even if the approximately 140 state claims we have currently pending in this action are taken into account, the practical effect of certifying a class of state claimants numbering nearly 1,000, upon a foundation of under twenty federal claims, would be akin to the minnow swallowing the whale.

In *Zelaya v. J.M. Macias, Inc.,* 999 F.Supp. 778, 782 (E.D.N.C.1998), the court, with both FLSA and state-law wage claims before it, was asked to certify the state-law wage claims. In refusing to certify the state-law class, the court declined to exercise its supplemental jurisdiction. The court's major concern was that because of the opt-in nature of the FLSA collective action, and the opt-out nature of the Rule 23(b)(3) state-law class, two different and distinct sets of plaintiffs could exist, which would result in the claims being tried in more than one proceeding. The same consideration is present here.

In *Marquis v. Tecumseh Products Co.,* 206 F.R.D. 132 (E.D.Mi.2002), the court confronted a similar scenario where six individual plaintiffs with Title VII claims sought certification of a state-law only class action, a

For purposes of this motion, this is a distinction without difference.

**4.** At the time we ruled on the issue of equitable tolling, we could determine only 12 plaintiffs who had viable FLSA claims. We based that determination on a list of the plaintiffs' termination dates attached as an exhibit to defendant's response to plaintiff's motion for class certification. Since then, five more plaintiffs have joined the case. As we do not have the termination/retirement dates of these individuals we cannot determine whether their claims are barred by the statute of limitations.

**5.** The number of individuals that would actually comprise a state law class is disputed by the parties. However, for the purpose of our decision, it is unnecessary to resolve this dispute.

situation which would result in "a handful of individual federal Title VII claims serving as the federal-question jurisdictional anchor for the court's consideration of the supplemental state-law claims of a much larger class of defendant's hourly employees." *Id.* at 162.

Following the lead of other courts faced with certifying a state-law class action with hundreds of plaintiffs on the basis of a few individual federal claims, the court refused to certify the class. *See Hatfield v. Oak Hill Banks,* 115 F.Supp.2d 893, 898 (S.D.Ohio 2000) (refusing to certify a state-law class where individual Magnuson–Moss claims were the sole jurisdictional hook in play); *Ruffu v. Johnson & Johnson, Inc.,* 181 F.R.D. 341, 344 (E.D.Tex.1998) (denying class certification on state-law claims where the only basis for federal jurisdiction was RICO claims which were not appropriate for class certification); *Martin v. Dahlberg, Inc.,* 156 F.R.D. 207, 218 (N.D.Cal.1994) (refusing to certify a class based solely on state law claims where the only basis for federal jurisdiction was RICO claims not appropriate for class treatment). *But see Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 89–96 (S.D.N.Y.2001) (allowing certification of class including approximately 1000 plaintiffs with state-law wage claims where 345 employees had filed their consents to join the FLSA collective action).

In this situation, certifying a state law class action would not be the best method for resolving this dispute. The more fair and efficient option is to allow the state court litigation on the state claims to continue in the chosen forum.

We conclude that because a class action here is not the superior method for adjudication of the state claims, we will decline to certify a class.

We reach this decision without considering the state law claims of the 140 plaintiffs currently before this court, or the pending appeal from the Kentucky Labor Cabinet administrative proceedings. We leave for another day whether they should be properly before this court.

The motion to proceed as an FLSA representative action under 29 U.S.C § 216(a) is **GRANTED.**

The motion for class certification of the state law claims under Fed.R.Civ.P. 23(b)(3) is **DENIED.**