Michael Kenneth Paul EDWARDS,
et al., Plaintiffs,

v.

CITY OF LONG BEACH,
et al., Defendants.

No. CV 05 8990 ABC(PLAX).

United States District Court,
C.D. California,
Western Division.

Dec. 12, 2006.

Gregory G Petersen, Justian Jusuf, Michael A Jenkins, Rex Hwang, Castle Petersen and Krause, Newport Beach, VA, Miguel G Caballero, Herbert Hafif Law Offices, Claremont, CA, for Michael Kenneth Paul Edwards for and on behalf of himself, other employees similarly situated and the general public, A G Megas for and on behalf of himself, other employees similarly situated and the genearl public, Plaintiffs.

Belinda R Mayes, Long Beach City Attorney, Long Beach, for City of Long Beach, Doe 1 through 10 inclusive, Defendants.

ORDER RE: PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23 OR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

COLLINS, District Judge.

Pending before the Court are Plaintiffs' Motion for Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) (" § 216(b) Motion") and Plaintiffs' Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23 Motion"). The Court took both motions under submission on December 4, 2006. Having considered the materials submitted by the parties and the case file, and for the reasons set forth below, it is hereby ORDERED that Plaintiffs' § 216(b) Motion is GRANTED, and Plaintiffs' Rule 23 Motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Kenneth Paul Edwards ("Plaintiff Edwards") is a former employee of the City of Long Beach ("Defendant"). Plaintiff Edwards worked for Defendant as a police officer with the Long Beach Police Department ("Department") from 1993 until July 2005. Plaintiff Edwards, on behalf of himself and the members of the two potential classes (collectively, "Plaintiffs"), allege that Defendant employs somewhere between 900 and 1000 officers who are represented by the Long Beach Police Officers Association, and are subject to the policies and procedures contained in a Memorandum of Understanding and the Manual of the Long Beach Police Department. (Deposition of Deputy Chief Timothy Jackman ("Jackman Depo."), 114:16–25

and 115:1–12; Rule 23 Motion, Exs. 4–6). Plaintiff Edwards alleges that during the time he was employed by Defendant, he was unable to consistently take a 30 minute uninterrupted meal period when he worked in excess of 5 hours, was unable to take rest breaks, and was not properly reimbursed his costs to maintain and clean his safety equipment such as his firearm, holster, belt and handcuffs. (Edwards Decl., ¶¶ 2, 6 and 8).

Specifically, Plaintiffs contend that Defendant, through its management (which includes commanders, lieutenants and sergeants), has a policy and practice of denying Plaintiffs 30 minute uninterrupted meal periods. (Edwards Decl., ¶ 2, 3 and 4). Plaintiffs allege that while the Department's written policy is to allow officers a 40 minute meal period, there is no policy or procedure for recording and/or reporting missed meal periods. (Edwards Decl., ¶ 5).

Additionally, Plaintiffs contend that the Department has no written policy in its manuals or training materials, regarding rest periods. (Jackman Depo., 72:23–73:15). Similarly, Plaintiffs allege that there is no policy or procedure for recording and/or reporting missed meal breaks. (Jackman Depo., 75:13–80:18). Plaintiffs allege that officers fill out weekly time records and overtime records to record their daily work hours, overtime hours, and reasons for overtime. (Edwards Decl., ¶ 5; Rule 23 Motion, Exs. 7–8). However, the time weekly time records and overtime records do not contain a section for meal or rest periods. Thus, Plaintiffs contend that the Department uniformly does not provide meal and rest breaks for its officers. (Edwards Decl., ¶ 6).

Finally, Plaintiffs contend that while the Department requires its officers to have clean and functioning uniform and safety

equipment, it does not reimburse or credit the officers for money and time spent maintaining these items. (Edwards Decl., ¶ 8).

Plaintiffs' First Amended Complaint for Damages and Injunctive Relief alleges causes of action for: (1) Violations of § 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"); (2) Violation of Labor Code § 226.7; (3) Violation of Labor Code § 512; and (4) Violation of Labor Code § 2802.

In the § 216(b) Motion, Plaintiffs define the proposed § 216(b) class as follows:

> [A]ll current and former police or peace officer employees the rank of lieutenant and below of the defendant represented by the Long Beach Police Officers Association that worked at any time between December 29, 2002 (three years preceding the filing of the complaint), through the date of judgment.

(§ 216(b) Motion, 2:10–14).

With respect to the Rule 23 Motion, Plaintiffs define the proposed Rule 23 class as follows:

> [P]eace officers and police officers and others with similar job duties, who worked and/or continue to work for Defendant from December 29, 2002, up to and including the time that this action is certified as a class action ("Class Period") who:
>
> (a) were unable to take and/or were denied a ten minute rest period pursuant to [California] Labor Code §§ 226.7 and 512;
>
> (b) were unable to take and/or were denied a 30 minute uninterrupted meal period pursuant to [California] Labor Code §§ 226.7 and 512;
>
> (c) were not properly reimbursed for safety equipment expenses pursuant to [California] Labor Code § 2802 and [8]

California Code of Regulations § 11040, *et seq.*

(Rule 23 Motion, 4:17–28).

Plaintiffs filed both of the instant motions on July 24, 2006. Defendant filed its oppositions to both motions on September 18, 2006, and on December 4, 2006 Plaintiffs filed their replies.

## II. ANALYSIS

### A. Plaintiffs' § 216(b) Motion is GRANTED.

The FLSA requires covered employers to compensate non-exempt employees for time worked in excess of statutorily-defined maximum hours. *See* 29 U.S.C. § 207(a). Section 16(b) of the FLSA provides that an employee may bring a collective action on behalf of himself and other "similarly situated" employees. 29 U.S.C. § 216(b). In a § 216(b) collective action, employees wishing to join the suit must "opt-in" by filing a written consent with the court. *Id.* If an employee does not file a written consent, then that employee is not bound by the outcome of the collective action. *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D.Cal.2004). The court may authorize the named § 216(b) plaintiffs to send notice to all potential plaintiffs, and may set a deadline for those plaintiffs to "opt-in" to the suit. *Id.; see also Pfohl v. Farmers Ins. Group.*, 2004 WL 554834 at *2 (C.D.Cal.2004).

■ It is within the discretion of the district court to determine whether a certification of a § 216(b) collective action is appropriate. *Leuthold,* 224 F.R.D. at 466. Although the FLSA does not require certification for collective actions, certification in a § 216(b) collective action is an effective case management tool, allowing the court to control the notice procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the

parties. *See Hoffmann–La Roche Inc., v. Sperling,* 493 U.S. 165, 170–72, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Here, the Court follows the majority approach and applies a two-step approach for determining whether certification of a § 216(b) collective action is appropriate. *See Leuthold,* 224 F.R.D. at 466.

 Under the two-step approach, the first step is for the court to decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Id.* at 467; *see also Pfohl,* 2004 WL 554834 at *2. Given the limited amount of evidence generally available to the court at this stage in the proceedings, this determination is usually made "under a fairly lenient standard and typically results in conditional class certification". *Id.* It is the plaintiffs' burden to show that "the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of § 216(b)." *Leuthold,* 224 F.R.D. at 466. "Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Freeman v. Wal–Mart Stores, Inc.,* 256 F.Supp.2d 941, 945 (W.D.Ark.2003) (internal citations omitted); *see also Bernard v. Household In-*

*tern., Inc.,* 231 F.Supp.2d 433, 435 (E.D.Va.2002) ("Mere allegations will not suffice; some factual evidence is necessary.").[1]

 Here, applying the lenient standard used in the first step of the analysis, the Court finds that conditional certification of a § 216(b) collective action is appropriate. Plaintiffs' complaint, affidavits and supporting exhibits assert that Plaintiff Edwards routinely works unpaid overtime in violation of the FLSA, and that Plaintiff Edwards's experiences are shared by the members of the proposed § 215(b) collective action. In its opposition, Defendant focuses on differences in job duties between Plaintiff Edwards and other potential class members. Specifically, Defendant focuses on the differences between the job duties of Plaintiff Edwards and A.G. Megas (note that A.G. Megas is a potential member of the § 216(b) collective action, *not* a named class representative). Defendant presents detailed analysis of the differences in the two officers' positions and duties, as well as a detailed discussion of the differences in their potential claims. However, the Court finds that Defendant's arguments are better suited for the more stringent second step of the § 216(b) collective action certification analysis—i.e., Defendant's arguments are better suited for motion to decertify the § 216(b) collective action filed once notice has been given and the deadline to opt-in has passed.

---

1. The second step occurs once discovery is complete and the case is ready for trial. At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. *Leuthold,* 224 F.R.D. at 466 (citing *Kane v. Gage Merchandising Svcs., Inc.,* 138 F.Supp.2d 212, 214 (D.Mass.2001)). Whether to decertify is a factual determination, made by the court, based on the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations". *Id.* (citing *Pfohl,* 2004 WL 554834 at **2–3). If after examining the factual record, the court determines that the plaintiffs are not similarly situated, then the court may decertify the collective action and dismiss the opt-in plaintiffs without prejudice. *Id.* (citing *Kane,* 138 F.Supp.2d at 214).

Thus, the Court finds that Plaintiffs have provided enough support to meet the threshold showing that the potential members of the § 216(b) collective action are "similarly situated", and that the collective action should be certified for purposes of notifying potential class members of the pendency of the suit. Accordingly, the Court GRANTS Plaintiffs' § 216(b) Motion, and conditionally certifies the proposed § 216(b) collective action for purposes of notifying proposed class members of the pendency of the suit.

## B. Plaintiffs' Rule 23 Motion is DENIED.

■ All motions for class certification under Rule 23 must meet the prerequisites of Rule 23(a).[2] Additionally, a plaintiff must fulfill the requirements for at least one of the three types of class actions enumerated in Rule 23(b). The burden of satisfying the Rule 23 requirements is on the party seeking certification. *See Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1308–09 (9th Cir.1977). However, a plaintiff need not make a prima facie showing that he will prevail on the merits for class certification to be granted. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("nothing in either the language or the history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action"). The court is bound to take the substantive allegations in the complaint as true. *See Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir.1975).

■ In their Rule 23 Motion, Plaintiffs argue that they satisfy the requirements of Rule 23(a), as well as the requirements of Rule 23(b)(3). With respect to Rule 23(b)(3), Plaintiffs argue that the requirements are satisfied because common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant opposes, arguing that (1) the proposed class is smaller than alleged by Plaintiffs, making joinder practicable; (2) the requirements of commonality and typicality are not met due to differences in job duties between class members; (3) a class action would not substantially benefit the absent class members; and (4) viable alternatives to class action litigation exist.

The Court agrees with Defendant's contention that Plaintiffs have not satisfied the requirements of Rule 23(b)(3).[3] Under Rule 23(b)(3), a plaintiff must show that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Here, the Court finds that certifying a Rule 23 class action is not the superior means of adjudicating Plaintiffs' claims.

2. Rule 23(a) provides that a class action may be maintained if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

3. Given that the Court finds that Plaintiffs have not satisfied the requirements of Fed.R.Civ.P. 23(b)(3), it is not necessary to address each of the Fed.R.Civ.P. 23(a) requirements.

"Under Rule 23(b)(3), the court must evaluate whether a class action is superior by examining four factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action." *Leuthold,* 224 F.R.D. at 469. Accordingly, the Court must compare the merits of proceeding as a class action under Rule 23, against alternative methods of resolving the dispute. *See e.g., Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir.1998).

The Court here agrees with the reasoning of the Court in *Leuthold.* In *Leuthold,* as in this case, the plaintiffs moved to certify both a § 216(b) collective action and a Rule 23 class action. The *Leuthold* court determined that since the plaintiffs had the option of bringing their pendent state law claims as part of the § 216(b) collective action, "[t]his alternative undercuts all of the Rule 23(b)(3) superiority factors." *Leuthold,* 224 F.R.D. at 469. In reaching this conclusion, the *Leuthold* court discussed two main rationales—both of which the Court finds applicable here.

First, a § 216(b) collective action "allows individuals to control their participation in [the] litigation in a far more expeditious fashion than does a Rule 23 class action." *Id.* In a § 216(b) collective action, the class members must affirmatively opt-in. In a Rule 23 class action, on the other hand, class members must take the affirmative action of opting-out in order to avoid being bound by the judgment. If both a § 216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit. *See id.; see also McClain v. Leona's Pizzeria, Inc.,* 222 F.R.D. 574, 577 (N.D.Ill.2004).[4]

Second, Plaintiffs' Rule 23 class is based solely on state law claims, and thus raises jurisdictional concerns. But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court. *See* 28 U.S.C. § 1367(a). Thus, if "only a few plaintiffs opt-in to the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims." *Leuthold,* 224 F.R.D. at 470. This raises issues concerning the propriety of the Court's exercise of supplemental jurisdiction over the state law claims—i.e., that the state law claims would substantially predominate over the federal claims. *See* 28 U.S.C. § 1367(a). In other words, there would exist "the rather incongruous situation of an FLSA 'class' including only a tiny number of employees .... with a state-law class that nonetheless includes all or nearly all of the [department's] current or former employees.... [t]o do so would effectively allow a federal tail to wag what is in substance a state dog." *McClain,* 222 F.R.D. at 577 (citing *De Asencio v. Tyson Foods, Inc.,* 342 F.3d

---

4. Plaintiffs argue that *Leuthold* does not apply because in *Leuthold* there was evidence of "substantial hostility against [the] lawsuit among potential class members", and there is no evidence of any such hostility here. *Leuthold,* 224 F.R.D. at 470. While the Court notes that this factual distinction appears to

be correct, the hostility of potential class members was but one of the factors considered by the court in *Leuthold.* Even though there is no evidence of similar hostility here, the Court finds that the approach taken by the *Leuthold* court applies equally here.

301, 310 (3d Cir.2003)); *see also Hasken v. City of Louisville,* 213 F.R.D. 280, 283–84 (W.D.Ky.2003). "[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action." *Id.*

In addition to raising potential jurisdictional issues, allowing both a § 216(b) collective action and a Rule 23 class action to proceed would frustrate the purpose of requiring plaintiffs to affirmatively opt-in to § 216(b) collective actions. "[T]he policy behind requiring FLSA plaintiffs to opt-in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'" *Leuthold,* 224 F.R.D. at 470 (citing *Rodriguez v. The Texan, Inc.,* 2001 WL 1829490 at *2 (N.D.Ill.2001) (allowing a plaintiff to certify an opt-out class in federal court would undermine Congress's intent to limit claims of this type to opt-in collective actions)).

As a result, the § 216(b) collective action is a "more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursuing such claims." *Leuthold,* 224 F.R.D. at 470. Accordingly, the Court DENIES Plaintiffs' Rule 23 Motion. Plaintiffs who opt-in to the § 216(b) collective action may pursue any pendent state law claims as part of the FLSA action.

## IV. CONCLUSION

Based on the foregoing the Court hereby DENIES Plaintiffs' Rule 23 Motion, and GRANTS Plaintiffs' § 216(b) Motion. The Court conditionally certifies the proposed § 216(b) collective action for purposes of notifying proposed class members of the pendency of the suit. Plaintiffs submitted a proposed notice as an exhibit to their § 216(b) Motion. However, the Court believes that in light of the above ruling, it is appropriate for the parties to submit new proposed notice(s) for the § 216(b) class. The Court ORDERS the parties to meet and confer and attempt to agree upon a joint proposed notice. If the parties are unable to reach an agreement, the parties may each submit a proposed notice. The proposed notice(s) must be submitted within ten (10) days of the date of this Order. In the event that the parties do not submit a joint proposed notice, the parties should file any objections to the proposed notices within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**