Albert CARNEVALE, et al., Plaintiffs,

v.

Herbert Rice GE AIRCRAFT ENGINES, Defendant.

No. C–1–02–600.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 20, 2003.

Jeniene Andrews–Matthews, Hagens Berman LLP, Phoenix, AZ, Stephanie Levin Bozzo, Jeffrey Scott Goldenberg, John Charles Murdock, Murdock Goldenberg Schneider Groh, Cincinnati, OH, Steve W. Berman, Hagens Berman LLF, Seattle, WA, for Plaintiffs.

Steven T. Catlett, Jones Day Reavis & Pogue, Chicago, IL, Glen D. Nager, Jones Day Reavis & Pogue, Washington, DC, Todd L. Sarver, Jones Day Reavis & Pogue, Columbus, Oh, for Defendant.

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. # 24); SUCH COMPLAINT IS TO BE FILED FORTHWITH; DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. # 29)

RICE, Chief Judge.

The Plaintiffs bring this opt-in, collective action against their employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* alleging that the Defendant has violated that law and state statutes by failing to pay them overtime.[1] The Plaintiffs bring this action on behalf of all Defendant's current and former salaried employees who have been improperly classified as exempt from overtime pay. This case is now before the Court on the Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. # 24) and Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 29). As a means of analysis, the Court will discuss those two motions together.[2]

In their First Amended Complaint (Doc. # 3),[3] Plaintiffs set forth, as Count III, a claim under state law seeking class action relief for all employees and former employees of Defendant who were wrongfully denied overtime. Rather than seeking class action treatment with their claims under the FLSA, the Plaintiffs have brought those claims as a collective action. The Plaintiffs have not sought class action treatment their claims under the FLSA, because of the prohibition of class actions under the FLSA contained in 29 U.S.C. § 216(b), which in relevant part provides:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The principal difference between a class action and collective action is that similarly situated employees must opt-in to a collec-

---

1. Defendant GE Aircraft Engines is alleged to be a subsidiary of General Electric Company. *See* Doc. # 3 at ¶ 1.

2. Also pending are Plaintiffs' Motion to Approve Form and Manner of Notice of Pendency of FLSA Collective Action (Doc. # 27); Plaintiffs' Motion to Amend Scheduling Order (Doc. # 34); Defendant's Motion to File Surreply Memorandum in Opposition to Plain-

tiffs' Motion to Approve Form and Manner, of Notice of Pendency of FLSA Collective Action (Doc. # 41); and Plaintiffs' Motion for Protective Order (Doc. # 43). The Court will rule upon those motions by separate Entry.

3. The Plaintiffs filed their First Amended Complaint before the Defendant had answered the initial Complaint.

tive action. *Dolan v. Project Construction Corp.*, 725 F.2d 1263, 1266 (10th Cir.1984). In Count III, the Plaintiffs alleged that the Defendant operated facilities in eight states in which members of the putative class were employed,[4] and they sought to recover on behalf of employees who work in those eight states under their wage and hour statutes.

The Defendant moved to dismiss that claim, arguing that the Plaintiffs did not have standing to represent a class of employees who worked in all eight of the states in which it had facilities, since the Plaintiffs worked in only one of those states, Ohio. *See* Doc. # 6. Before this lawsuit was transferred to the docket of the undersigned, Judge Spiegel sustained the Defendant's motion and dismissed Count III, concluding that the Plaintiffs did not have standing to represent employees who worked in the other seven states since they did not come within the zone of interest protected by the state wage and hour laws of the other seven states. *See* Doc. # 22. Judge Spiegel held that a named plaintiff residing in each affected state was necessary. *Id.* Thereafter, Judge Spiegel conducted a pretrial conference in this litigation, during which he sustained the Plaintiffs' oral request to file an amended complaint, which gave Plaintiffs until April 1, 2003, in which to file such a pleading which added named plaintiffs from each of the other seven states. *See* Doc. # 23.

In response, the Plaintiffs have filed their Motion for Leave to File a Second

Amended Complaint (Doc. # 24).[5] With that motion, Plaintiffs request that they be given leave to file an amended pleading which would specify that Count III is brought under the Ohio wage and hour law on behalf of those of Defendant's Ohio employees who were improperly classified as exempt from overtime. In addition, Plaintiffs would add Robert Millett ("Millett") to their ranks. Millett works for the Defendant in Massachusetts and would represent a class of Defendant's employees in that state under its wage and hour statute. In their proposed Second Amended Complaint, the Plaintiffs allege that the Court can exercise supplemental jurisdiction over the state law claims in Count III.

■ In addition to opposing the Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. # 24), Defendant has filed its Motion to Dismiss for Lack of Jurisdiction (Doc. # 29). The Court overrules that latter motion, challenging the ability of the Court to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims of absent class members,[6] as set forth in Count III of Plaintiffs' proposed Second Amended Complaint. Since the Court has yet to give Plaintiffs leave to file such an amended pleading, the Defendant's request to dismiss a portion of same is not ripe. The Court will, however, consider the arguments raised by the Defendant in support of that motion when ruling upon Plaintiffs' request for leave to amend,[7] to which the Court now turns.

---

4. The Defendant is alleged to operate facilities in Kansas, Kentucky, Massachusetts, New Hampshire, New Mexico, North Carolina, Ohio and Vermont.

5. A copy of the Plaintiffs' proposed Second Amended Complaint is attached to their Motion for Leave to File a Second Amended Complaint (Doc. # 24).

6. Throughout this Decision, the Court uses the phrase "absent class members" to signify any salaried employees of the Defendant who are being represented by the named Plaintiffs in a class action under state law, and who have not consented to becoming Plaintiffs under § 216(b).

7. In its memorandum opposing the Plaintiffs' request for leave to amend, Defendant advert-

■ It is axiomatic that leave to amend is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court indicated that a District Court should deny leave to amend, only in instances where the amendment would be futile, the moving party has acted in bad faith or has repeatedly failed to cure the deficiencies by previous amendments, the opposing party would be subjected to unfair prejudice or the moving party has unduly delayed. *See also, Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994). In *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir.2000), the Sixth Circuit stressed that a proposed amended complaint is not futile, if it would survive a motion to dismiss, even though it would not survive a motion for summary judgment.

As is indicated, the Plaintiffs seek leave to amend in order to bring a class action [8] on behalf those of Defendant's employees who worked at its facilities in Ohio and Massachusetts, who were allegedly improperly classified as exempt from overtime in violation of the wage and hour statutes of those two states.[9] To accom-plish this, the Plaintiffs would add both a new Count III,· which would be a class action on behalf of Defendant's employees who worked in Ohio and Massachusetts, and Millett to their ranks as a Plaintiff. The Plaintiffs allege that this Court could exercise supplemental jurisdiction over these state law claims in Count III. The Defendant has opposed this request, by arguing in its Motion to Dismiss for Lack of Jurisdiction (Doc. # 29) that this Court cannot exercise supplemental jurisdiction over the state law claims of absent class members.[10] If the class action claim set forth in Count III would not survive a motion to dismiss for lack of jurisdiction, it would be futile to permit the Plaintiffs to file an amended pleading including such a claim.

As a result of the prohibition contained in § 216(b), no absent class member will be asserting a claim under the FLSA.[11] Supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have

---

ed to the jurisdictional challenge. *See* Doc. # 26. That challenge is fully developed in Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 29).

**8.** It bears emphasis that the Plaintiffs would assert state law claims with Court III. State wage and hour claims can be brought as a class action, unlike federal claims under the FLSA which must be brought as a collective action under § 216(b).

**9.** The Plaintiffs also seek leave to amend Counts I and II, which are brought under the FLSA, to specify that they seek to bring those claims as collective actions and to join Millett as a Plaintiff on those claims. The Defendant has not opposed the Plaintiffs' request in that regard, and the Court sustains the Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. # 24), to the extent that they seek to amend Counts I and II to make clear that they seek to bring those claims as collective actions and to join Millett as a Plaintiff on those claims.

**10.** The Defendant does not question that this Court can exercise supplemental jurisdiction over the state law claims of the named Plaintiffs or any other person who decides to opt-in. *See* Doc. # 29 at 1.

**11.** As is indicated above, § 216(b) requires that co-workers with similar claims to the named plaintiffs opt-in to that lawsuit, in order to have their claims resolved therein. Any member of the class who opts-in will no longer be an absent class member. Moreover, any member of the class who does not opt-in will not have a claim under the FLSA resolved in this litigation.

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Section 1367(b) imposes limitations on the exercise of supplemental jurisdiction, when the District Court's original jurisdiction is based upon diversity of citizenship. That provision is inapplicable herein, because this Court can exercise original, federal question jurisdiction, premised upon Plaintiffs' claims under the FLSA. In addition, the Defendant does not argue that the Court should refrain from exercising supplemental jurisdiction in accordance with § 1367(c).

The Defendant argues that "[s]upplemental jurisdiction is not available where a state law claim is not attached to the federal claim creating federal question jurisdiction." [12] Doc. # 29 at 1. Since, by virtue of § 216(b), the absent class members will not have federal claims, Defendant's argument continues, there is no basis for exercising supplemental jurisdiction over their state law claims. *Id.* at 1–2. The Defendant's argument fundamentally misapprehends § 1367(a) and the nature of supplemental jurisdiction; therefore, the Court rejects the argument that it should deny Plaintiffs leave to amend because it will not be able to exercise supplemental jurisdiction over the state law claims of the absent class members.

 Since Defendant's jurisdictional challenge requires this Court to interpret

§ 1367(a), it would be helpful to initially review certain well-settled tenets of statutory construction. In *Chapman v. The Higbee Co.*, 319 F.3d 825 (6th Cir.2003) (*en banc*), the Sixth Circuit restated those principles:

"In all cases of statutory construction, the starting point is the language employed by Congress." *Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 801 (6th Cir.1995). Moreover, where "the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citation and internal punctuation omitted).

*Id.* at 829. Of course, when a court can discern the plain meaning of a statute from its language, the task of statutory construction is at an end. *Henry Ford Health Sys. v. Shalala*, 233 F.3d 907, 910 (6th Cir.2000) It is a recognized principle of statutory construction that "where the Legislature makes a plain provision, without making any exception, the courts can make none." *French's Lessee v. Spencer*, 62 U.S. 228, 238, 21 How. 228, 16 L.Ed. 97 (1858).

 As an initial matter, § 1367(a) provides that this Court can exercise supplemental jurisdiction over any claims which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That provision contains no additional limitations on the exercise of supplemental jurisdiction. Herein, the Court has original, federal question juris-

---

**12.** The Defendant also states that supplemental jurisdiction cannot be exercised "where the state claim is inconsistent with the federal statute giving rise to federal question jurisdic-

tion." Doc. # 29 at 1. Since Defendant does not develop that proposition further, it does not serve as the basis for denying Plaintiffs leave to amend herein.

diction over the Plaintiffs' claims under the FLSA. In *Blakely v. United States,* 276 F.3d 853 (6th Cir.2002), the Sixth Circuit noted that "[c]laims form part of the same case of controversy when they 'derive from a common nucleus of operative facts.'" *Id.* at 861 (quoting *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 454–55 (6th Cir.1996)). It is not questioned that the Plaintiffs' FLSA claims and the state law claims of the absent class members derive from a common nucleus of operative facts. Thus, under the plain meaning of § 1367(a), this Court may exercise supplemental jurisdiction over the state law claims of the absent class members.

■ Nevertheless, the Defendant challenges the plain meaning of § 1367(a), starting with the premise that, under that statute, a state law claim must be attached to a federal law claim in order for supplemental jurisdiction to exist. Doc. # 29 at 5. The Court agrees that Defendant's initial premise accurately captures the meaning of § 1367(a), if one substitutes the phrase "claim over which a District Court has original jurisdiction" for the phrase used by Defendant, "federal law claim." Indeed, in *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244 (6th Cir. 1996), the Sixth Circuit indicated that when plaintiff's federal claim is dismissed for want of subject matter jurisdiction, in accordance with Rule 12(b)(1), supplemental jurisdiction did not exist over the state law claim. The Defendant's initial premise does not warrant the conclusion that the Court cannot exercise supplemental jurisdiction over the absent class members' state law claims, because, as is explained above, the Plaintiffs have asserted federal claims arising under the FLSA to which the state law claims of the Plaintiffs and the absent class members attach.

Building upon its basic premise, however, the Defendant contends that, in the class action setting, for supplemental jurisdiction to attach to an absent class member's state law claim, he must also be asserting a federal law claim. *See* Doc. # 29 at 6. In support of that proposition, the Defendant places primary reliance upon *Fielder v. Credit Acceptance Corp.,* 188 F.3d 1031 (8th Cir.1999). Therein, the plaintiffs brought a putative class action, asserting claims under the Truth in Lending Act ("TILA") and Missouri law against the defendant which had financed their automobile purchases. At plaintiffs' request, the District Court certified two classes, one for those with claims under TILA and the other for individuals with claims under Missouri law. The two classes were not co-extensive; the class of individuals with claims under Missouri law was much larger. The District Court granted summary judgment on the state law claims and entered an injunction, requiring the defendant to reopen deficiency judgments that had been entered against some class members as a result of default judgments entered in state court collection actions initiated by the defendant. Upon appeal, the Eighth Circuit reversed, initially holding that the injunction had violated the *Rooker–Feldman* doctrine. In addition, the Eighth Circuit concluded that the District Court could not exercise supplemental jurisdiction over members of the class asserting Missouri law claims, unless they had also asserted claims under the TILA. The *Fielder* court wrote that the "claims of the individual members of a permissive class are distinct cases and controversies; each must separately support federal jurisdiction. *See Snider v. Stimson Lumber Co.,* 914 F.Supp. 388, 390–91 (E.D.Cal.1996)." 188 F.3d at 1037. Although *Fielder* supports the Defendant's assertion that the Court should deny Plaintiffs' request for leave to amend, this Court declines to follow that decision, because it is not binding authority and this

Court concludes that it was wrongfully decided.

As an initial matter, the statements upon which the *Fielder* court based its holding, that the claims of the absent class members are distinct cases and controversies and that each must separately support federal jurisdiction, are simply wrong. Generally, federal courts may exercise federal question and diversity jurisdiction. An examination of diversity of citizenship class actions demonstrates that the statements in *Fielder* were wrong. Diversity jurisdiction has two requirements, to wit: complete diversity of citizenship (*see Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)) and the requisite amount in controversy. In *Supreme Tribe of Ben–Hur v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921), the Supreme Court recognized that as long as there was complete diversity between the named plaintiffs and named defendants, the citizenship of the absent class members could be disregarded. Thus, in every diversity of citizenship class action conducted in federal court, it is quite probable that some absent members of the plaintiff class are not completely diverse from the defendants and that, therefore, those absent class members do not have a separate basis for federal jurisdiction.

With respect to the other requirement for diversity jurisdiction, the requisite amount in controversy, the Supreme Court held, in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), that all members of the class had to satisfy the amount in controversy. However, after adoption of the supplemental jurisdiction statute with the passage of § 1367, a significant number of federal courts have held that a District Court can exercise supplemental jurisdiction over the claims of the absent class members which do not satisfy the amount in controversy,

as long as the named plaintiff's claim does. *See e.g., Rosmer v. Pfizer, Inc.,* 263 F.3d 110 (4th Cir.2001); *Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th Cir.2001); *In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599 (7th Cir. 1997); *In re Abbott Labs.,* 51 F.3d 524 (5th Cir.1995), *affirmed by a equally divided Court sub nom., Free v. Abbott Labs.,* 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000); *Payne v. Goodyear Tire & Rubber Co.,* 229 F.Supp.2d 43 (D.Mass.2002). *Contra, Trimble v. Asarco, Inc.,* 232 F.3d 946 (8th Cir.2000); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214 (3rd Cir.1999); *Leonhardt v. Western Sugar Co.,* 160 F.3d 631 (10th Cir.1998). In those circuits in which the courts have held that § 1367 overruled *Zahn,* it is eminently possible that the claims of some absent class members will be adjudicated even though they do not satisfy the amount in controversy and, thus, do not have an independent basis for jurisdiction.

In addition, *Fielder* is contrary to the purpose behind the adoption of the supplemental jurisdiction statute. In *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Supreme Court held that federal courts could not exercise pendent party jurisdiction. *Finley* was a suit by the executor of the estates of a couple and their two children, who were killed when the private plane in which they were flying struck electric wires and crashed upon its approach for a landing. The executor brought a claim under the Federal Tort Claims Act against the Government, and a common law negligence claim, arising under California law, against the utility that maintained the wires. Since diversity between the plaintiff and the utility did not exist, the plaintiff sought to exercise pendent party jurisdiction over the claim against the utility. The Supreme Court concluded that District Courts could not exercise

pendent party jurisdiction, since Congress had not statutorily authorized the exercise of such jurisdiction. The *Finley* Court also indicated that Congress could legislate to alter the result reached therein. *Id.* at 556, 109 S.Ct. 2003. In response to *Finley*, Congress enacted the supplemental jurisdiction statute, § 1367. The legislative history of that statute demonstrates that Congress acted in response to *Finley* and with the intention of overturning the result reached therein. *See* H. Rep. 101–734 at 29, *reprinted in*, 1990 U.S.C.C.A.N. 6860, 6875 ("In providing for supplemental jurisdiction over claims involving the addition of parties, [§ 1367(a)] explicitly fills the statutory gap noted in *Finley v. United States*."). If this Court were to follow *Fielder*, it would be required to disregard the express Congressional intent in adopting § 1367, since the *Fielder* approach would permit the exercise of supplemental jurisdiction over an additional party's state law claim, only if there is an independent basis for exercising jurisdiction over the claims of that party (i.e., he has asserted a federal law claim, or complete diversity exists and the amount in controversy equals or exceeds the jurisdictional amount). Although the result reached in

*Fielder* is fully consistent with *Finley*, it is inconsistent with the subsequent passage of § 1367.[13]

Finally, this Court notes that a number of other District Courts in cases brought under FLSA and state law have rejected the proposition that supplemental jurisdiction cannot be exercised over the state law claims of absent class members. *See e.g., Goldman v. RadioShack Corp.,* 2003 WL 21250571 (E.D.Pa.2003); *De Asencio v. Tyson Foods,* 2002 WL 1585580 (E.D.Pa. 2002); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y.2001); *Kelley v. SBC, Inc.,* 1998 WL 928302, 1998 U.S. Dist. LEXIS 18643 (N.D.Cal.1998). *See also, Marquis v. Tecumseh Products, Co.,* 206 F.R.D. 132, 162–63 (E.D.Mich. 2002) (in an action where plaintiff sought relief under Title VII and state law, court recognized that it could exercise supplemental jurisdiction over class of state law claims alone, but declining to certify such a class action).

Based upon the foregoing, the Court concludes that it can exercise supplemental jurisdiction over the state law claims of the absent class members.[14] Since the Defen-

---

**13.** In *Hatfield v. Oak Hill Banks,* 115 F.Supp.2d 893 (S.D.Ohio 2000), Judge Marbley reached the same result as the Eighth Circuit in *Fielder.* This Court declines to follow *Hatfield* for the same reasons it declines to follow *Fielder.*

**14.** The Defendant has cited *Zelaya v. J.M. Macias, Inc.,* 999 F.Supp. 778 (E.D.N.C. 1998), which, like this case, was an FLSA action with supplemental wage and hour claims under state law. Therein, the court refused to certify a class action for the state law claims. Although the court questioned whether it could exercise supplemental jurisdiction over such a class, it ultimately declined to exercise such jurisdiction pursuant to § 1367(c)(4), which permits District Courts to decline to exercise such jurisdiction under extraordinary circumstances. In addition, the Defendant has cited *Hasken v. City of*

*Louisville,* 213 F.R.D. 280 (W.D.Ky.2003), wherein the court refused, in an FLSA action, to certify a class of state law claimants who had not opted-in. Herein, this Court merely concludes that it can exercise supplemental jurisdiction over the state law claims of the absent class members. Accordingly, it grants Plaintiffs leave to file an amended complaint, which contains a claim for a state law class. When the Plaintiffs file a motion for class certification, the Defendant may raise its arguments that the Court should exercise its discretion by declining either to exercise supplemental jurisdiction over the absent class members' state law claims or to certify the class. However, the fact that this Court might have the discretion to refuse to exercise supplemental jurisdiction over the state law claims of absent class members or to certify a class does not mean that it is futile to allow

dant has raised only the foregoing jurisdictional challenge to Plaintiffs' request for leave to amend, the Court sustains Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. # 24). Same is to be filed forthwith.

the Plaintiffs to file an amended complaint in the first instance containing such a claim.