**Mark E. FREEMAN, as himself and all other similarly situated Plaintiffs Plaintiff**

v.

**WAL–MART STORES, INC., dba Wal–Mart, Wal–Mart Supercenter, Wal–Mart Neighborhood Market, and Sams's Wholesale Club Defendants**

**No. 02–5161.**

United States District Court, W.D. Arkansas, Fayetteville Division.

April 15, 2003.

Franklin Azar, Gerald L. Bader, Jr., Renee B. Taylor, Bader & Associates, LLC, Denver, CO, Shawn B. Daniels, Kincaid, Horne, Trumbo & Daniels, Brian D. Wood, Benson, Robinson & Wood, PLC, Fayetteville, AR, for Plaintiff.

Kevin A. Crass, Friday, Eldredge & Clark, LLP, Little Rock, AR, Clifford W. Plunkett, Friday, Eldredge & Clark, LLP, Fayetteville, AR, Weyman Johnson, Paul, Hastings, Janofsky & Walker, Atlanta, GA, for Defendants.

## *MEMORANDUM OPINION & ORDER*

DAWSON, District Judge.

This is an action for damages brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.,* (FLSA or the Act). Plaintiff also alleges state law claims for breach of contract, unjust enrichment, and quantum meruit. The FLSA claims, brought on behalf of plaintiff Mark E. Freeman, individually, and as a representative of all those similarly situated, arise out of the defendants' (Wal–Mart's) alleged failure to pay overtime compensation to Plaintiff and the group of individuals whom Plaintiff seeks to represent. Now pending before the Court is Plaintiff's motion for approval of collective action, (doc. # 25). For the reasons stated herein, the Court finds that the motion should be and hereby is DENIED.

## I. Background

The second amended complaint alleges that Plaintiff and other salaried Wal–Mart employees, below officer-level, worked in excess of 40 hours per week without overtime compensation. It is alleged that Wal–Mart routinely engaged in a pattern, practice, and policy of unlawful conduct by failing to properly compensate Plaintiff and the other employees for overtime hours. According to Plaintiff, Wal–Mart improperly labeled Plaintiff and other employees "salaried employees" in order to avoid payment of overtime compensation as mandated by the FLSA, despite knowing that Plaintiff and other employees were not exempt employees under the FLSA.

Plaintiff now seeks conditional approval to pursue the FLSA claim(s) in a representative capacity for the "other employees similarly situated." 29 U.S.C. § 216(b). The Court is asked to enter an order permitting the FLSA claim(s) to proceed as a collective action; appointing Plaintiff as representative of the collective action; appointing Plaintiff's collective action counsel; directing discovery of all similarly situated persons; and authorizing Plaintiff to send to all the similarly situated persons notice of the opportunity to opt-in to the collective action. Plaintiff contends that, although the precise number of potential members is unknown, the class is so numerous that a joinder of all members is impracticable; that there are a number of factual and legal questions common to each member of the class; and that the claims are typical of one another in that they all arise from the same events and course of conduct and because the members of the class all seek the same relief. In addition, Plaintiff alleges that he is an adequate representative of the class. Wal–Mart filed a response in opposition to the motion.

## II. Collective Action Status

■ The FLSA requires covered employers to compensate non-exempt em-

ployees at overtime rates for time worked in excess of statutorily-defined maximum hours. *See* 29 U.S.C. §§ 207(a). The statute exempts from its overtime protections "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. §§ 213(a)(1). Extensive regulations defining the types of employees who fall within these exemption categories have been promulgated by the Secretary of Labor. *See* 29 C.F.R. pt. 541; *Fife v. Harmon,* 171 F.3d 1173, 1175–76 (8th Cir.1999). Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law. *Jarrett v. ERC Properties, Inc.* 211 F.3d 1078, 1081 –1082 (8th Cir.2000) (citing *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)).

■■■ Section 16(b) of the Act provides that an employee may bring an FLSA action on behalf of himself and other "similarly situated" employees. 29 U.S.C. §§ 216(b). These collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights. *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The district courts have discretion, in appropriate cases, to facilitate notice to potential members of the class on whose behalf the collective action has been brought. *Id.* at 169, 110 S.Ct. at 486.

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. *See* Fed.Rule Civ.Proc. 83. It follows that, once an [FLSA] action is filed, the

court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

*Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. at 170–171, 110 S.Ct. at 486. Although a district court has discretion to authorize notice to similarly situated employees of the opportunity to opt-in to a class, the giving of such notice is not mandatory. *Id.,* 493 U.S. at 169, 110 S.Ct. 482; *see also Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D.Md.2000)(holding that the relevant inquiry "is not whether the Court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise discretion"); *Hall v. Burk,* 2002 WL 413901, \*2 (N.D.Tex.2002); *Harrington v. Education Management Corp.,* 2002 WL 1009463, \*1–2 (S.D.N.Y.2002)(decision to authorize opt-in notice to potential plaintiffs under the FLSA is an issue within the discretion of the district court). This Court has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266–67 (D.Minn.1991).

Eighth Circuit precedent does not provide the procedure we should utilize in deciding whether a collective action should be approved and/or whether to exercise discretion and authorize notice to the potential opt-in class. Other courts that have confronted these issues have used one of two tests aptly described by the Fifth Circuit Court of Appeals in *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213 (5th Cir.1995). First, there is the two-part *ad hoc* test set out in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987). Applying the two-part test, the Court first uses a lenient standard to determine whether similarly situated persons exist, and if appropriate, the class is conditionally certified. *See Mooney,* 54 F.3d at 1214.

The second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the Court makes a factual determination on the similarly situated question. The second inquiry is usually conducted upon a defendant's motion for decertification. *Id.* The alternative to the two-part test is to resort to the analysis applicable to Rule 23 class action certification: the Court looks at numerosity, commonality, typicality, and adequacy of representation. *See Shushan v. University of Colorado,* 132 F.R.D. 263 (D.Colo.1990).

■■■ This Court does not find it necessary to predict which test would be endorsed by the Eighth Circuit Court of Appeals. Whatever test is employed, the relevant inquiry is whether the members of the proposed class are similarly situated. Plaintiff bears the burden of establishing that he is similarly situated with the class he wishes to represent. *See Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996). The plaintiff's burden is not heavy and may be met by making substantial allegations of classwide discrimination that are supported by affidavits. *Id.* at 1097. Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. *Id.* at 1096; *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214 (5th Cir.1995). However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden. *See Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir.1983).

■■■ Plaintiff has failed to present sufficient evidence that members of the proposed class are similarly situated. Plaintiff's view seems to be that all salaried Wal–Mart employees below officer level are similarly situated no matter what the nature of their duties: the employees are similarly situated simply because they claim violations of the law by the same employer. Adopting Plaintiff's position would require us to conclude that if an employer has two or more non-officer, salaried employees who allegedly are not being paid overtime as required by the Act, then a collective action would be appropriate under 216(b). On the other hand, Wal–Mart has offered affidavits indicating that the class proposed by Plaintiff includes more than 7,000 current and former employees and that there are material differences in the duties and responsibilities of those employees. Plaintiff does not dispute this, but contends that it is inappropriate to engage in such detailed analysis at this stage of the litigation. We do not agree. The Court's responsibility to intervene in the management of this litigation began when the case was filed.

■■■ In FLSA cases, disputes regarding the nature of an employee's duties are questions of fact. In order for this Court to conclude that Plaintiff is similarly situated to the proposed class and/or that all claims have common questions of fact and are typical of one another, it is necessary to make a preliminary determination that Plaintiff's duties are generally comparable to those he seeks to represent. In light of the fact that Wal–Mart is one of the largest employers in the world, it is incumbent upon Plaintiff to propose a class that is sufficiently defined and manageable from the outset. It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated.

## III. Conclusion

For the reasons stated herein, the Court finds that Plaintiff has not satisfied either

the commonality or typicality elements of Rule 23(a), or made a separate demonstration that the employees to whom he seeks to represent in the proposed collective action "similarly situated." Accordingly, Plaintiff's motion for approval should be and hereby is DENIED.

IT IS SO ORDERED.