**Antron TOMLINSON, et al, Plaintiff,**

v.

**INDYMAC BANK, F.S.B.,
et al, Defendant(s).**

**No. SACV 04–294 JVS.**

United States District Court,
C.D. California.

Feb. 18, 2005.

Aashish Y. Desai, Jon R. Mower, Patrick A. Carreon, James A. Burton, Mower Carreon & Desai (Irvine, CA), for Plaintiffs.

Deborah C. Saxe, Matthew M. Yu, Heller Ehrman White & McAuliffe, for Defendants.

*Order re Motion for Judgment on the Pleadings re California Unfair Competition Claims of Non–Opt–In Plaintiffs*

SELNA, District Judge.

Defendants Indymac Bank, F.S.B. and Indymac Resources, Inc. (collectively, "Indymac") have filed the instant motion for a judgment on the pleadings seeking a declaration that the parties who have not opted into the representative class ("Non–Opt–Ins") are precluded by the federal Fair Labor Standards Act of 1938 ("FLSA") from bringing their claims under California's unfair competition law ("UCL"). For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Plaintiffs have alleged violations of the FLSA and UCL. The Complaint seeks to recover unpaid overtime compensation, liquidated damages, compensation for unlawfully withheld wages, meal and rest break

violations, and statutory penalties. Complaint, ¶ 2.

29 U.S.C. § 216(b) ("Section 216(b)") provides that an employee cannot bring an action under the FLSA "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." On June 21, 2004, this Court conditionally certified the class of "opt-in plaintiffs" under Section 216(b).

The instant motion raises the following question: can the Non–Opt–Ins, who ostensibly are barred from bringing their claim under Section 216(b), nevertheless "borrow" Section 216(b) to support their claim under California's UCL?

## II. LEGAL STANDARD

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001). Allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989).

## III. DISCUSSION

### A. Non–Opt–Ins' UCL Claim is Not Barred

Plaintiffs do not dispute that the Non–Opt–Ins cannot bring their claims under the FLSA. (Opp'n, p. 6.) Indymac, however, argues that the Non–Opt–Ins cannot plead around the FLSA by bringing their claims under the UCL. According to Indymac, allowing Non–Opt–Ins "to pursue FLSA-based UCL claims ... would violate the established principle that the UCL cannot be used to circumvent a statutory barrier to relief." (Mot., p. 5.)

Indymac cites two California Supreme Court cases to support this "established principle": *Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999), and *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 71 Cal.Rptr.2d 731, 950 P.2d 1086 (1998). (Mot., pp. 5–7.) Both of these cases, however, are distinguishable from the instant case, and neither stands for the proposition Indymac asserts.

*Cel–Tech* involved an alleged violation of sections 17043 and 17044 of the Unfair Practices Act ("UPA"), which prohibits below-cost sales and loss leaders if a company acts with *the purpose* of injuring competitors or destroying competition. *Cel–Tech*, 20 Cal.4th at 169, 83 Cal.Rptr.2d 548, 973 P.2d 527. The court held that plaintiffs' claim under the UPA failed because they did not demonstrate that defendants acted with the necessary purpose. *Id.* at 178, 83 Cal.Rptr.2d 548, 973 P.2d 527. The plaintiffs in *Cel–Tech*, however, also sought relief under the UCL for the same conduct, arguing that the defendant's practices were unfair even if the claim failed under the UPA because the purpose element was not met.

The *Cel–Tech* court began its analysis of the UCL claim by addressing the scope of the UCL:

> Specific legislation may limit the judiciary's power to declare conduct unfair. *If the Legislature has permitted certain conduct or considered a situation and concluded that no action should lie, courts may not override that determination.* When specific legislation provides a "safe harbor," plaintiffs may not use the general unfair competition law to assault that harbor.

*Id.* at 182, 83 Cal.Rptr.2d 548, 973 P.2d 527 (emphasis added). To illustrate this principle, the court cited its earlier decision in *Rubin v. Green,* 4 Cal.4th 1187, 17 Cal. Rptr.2d 828, 847 P.2d 1044 (1993). In *Rubin,* the plaintiff attempted to use the UCL to pursue an action that was prohibited by the litigation privilege of Cal. Civ. Code § 47(b). *Cel–Tech,* 20 Cal.4th at 182, 83 Cal.Rptr.2d 548, 973 P.2d 527. The court rejected the claim and pronounced that plaintiffs may not "plead around absolute barriers to relief by relabeling the nature of the action as one brought under the unfair competition statute." (*Id.* (quoting *Rubin,* 4 Cal.4th at 1201, 17 Cal. Rptr.2d 828, 847 P.2d 1044) (internal quotations omitted).)

This principle, however, has no application to the instant case, where the conduct at issue is Indymac's alleged failure to pay overtime wages. Unlike the litigation privilege at issue in *Rubin,* the legislature has not created an absolute barrier to relief by permitting employers to withhold overtime wages. On the contrary, the FLSA affirmatively proscribes this conduct and provides severe penalties against employers who engage in such conduct.

Nor has Congress considered this situation and determined that no action should lie. Congress explained why it amended the FLSA and added the opt-in requirement of Section 216(b): it was concerned that employers would face "financial ruin" and employees would receive "windfall payments, including liquidated damages." 29 U.S.C. § 251(a)(1), (a)(4). These concerns simply are not present in a UCL action, where plaintiffs are limited to *restitution.* There is no reason to believe that Congress considered whether plaintiffs who are limited to restitution should have to comply with the opt-in requirement of Section 216(b). Congress certainly has not stated that such actions for restitution should not lie.

Even if Congress had determined that plaintiffs must opt in to a FLSA-based action, the Non–Opt–Ins still are able to pursue their claim under the UCL because the opt-in requirement is merely a procedural hurdle that must be cleared to get the case into court. A claim under the UCL, however, is not precluded simply because it is procedurally barred by the underlying statute. *Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal.4th 163, 178–79, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000). In *Cortez,* the California Supreme Court rejected an argument that plaintiff's UCL claim must fail because the statute of limitations had expired on the underlying statute. The court held that "an action to recover wages that might be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action . . . ." (*Id.*)

The reason for this is that the UCL makes violations of other laws *independently actionable. Cel–Tech,* 20 Cal.4th at 180, 83 Cal.Rptr.2d 548, 973 P.2d 527. Therefore, if a defendant engages in an unlawful business practice-as determined by the violation of a statute-the UCL creates a second cause of action. Although a plaintiff may be procedurally barred from bringing a claim based on the underlying statute, the independent UCL claim nevertheless may proceed if the procedural requirements of the UCL are satisfied. Here, the Non–Opt–Ins are procedurally barred from bringing a claim under the FLSA; however, they nevertheless may pursue their independent UCL claim.[1]

---

**1.** Indymac's reliance on *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal.4th 553, 71 Cal.Rptr.2d 731, 950 P.2d 1086 (1998) is misplaced. That case specifically rejected the defendant's argument that a UCL claim is barred whenever the predicate statute fails to provide a private right of action. *Id.* at 566, 71 Cal.Rptr.2d 731, 950 P.2d 1086.

The Court's conclusion is consistent with applicable Ninth Circuit authority that has examined the permissible scope of California's overtime laws in light of the FLSA. For example, in *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409 (9th Cir.1990), the defendants argued that since seamen are expressly excluded from the FLSA's overtime requirements, Congress must have intended for seamen to be excluded from California's state overtime laws as well. The Ninth Circuit disagreed and explained that states "possess broad authority under their police powers to regulate the employment relationship to protect resident workers." *Aubry*, 918 F.2d at 1415. Absent clear congressional intent to the contrary, the court held, the FLSA does not preempt California from applying its own overtime laws. (*Id.* at 1418.) Likewise, in the instant case, the Court is unaware of any legislative history that evidences Congress' intent to forbid states from permitting claims for overtime wages by employees who have not opted into a representative class. It follows that the Non–Opt–Ins' overtime claim is not barred by the FLSA.

B. *The Court's Holding Does Not Violate Fundamental Principles of Statutory Construction*

Indymac does not argue that the FLSA preempts California's UCL; rather, Indymac asserts that permitting the Non–Opt–Ins' UCL claim would violate two fundamental principles of statutory construction. (Mot., pp. 7–9.)

First, Indymac argues that it is "well-settled in California" that where there is a specific statutory provision and a general provision, the more specific provision governs. (*Id.* at 8) (*citing San Francisco Taxpayers Ass'n v. Board of Supervisors*, 2 Cal.4th 571, 7 Cal.Rptr.2d 245, 828 P.2d 147 (1992); *Salazar v. Eastin*, 9 Cal.4th 836, 39 Cal.Rptr.2d 21, 890 P.2d 43 (1995)). Therefore, according to Indymac, Section 216(b)'s provision barring non opt-ins is more specific than the UCL's general prohibition of unfair competition, and thus Section 216(b) must control. (*Id.*) The Court rejects this argument because the canon of statutory construction relied on by Indymac is inapposite to this case. Unlike *San Francisco Taxpayers* and *Salazar*, there are not two conflicting *California* statutes in the instant case. It is axiomatic that a state may offer broader remedies to its citizens than the federal government allows. In such circumstances, the state law may be preempted by the federal law, but not merely because the federal law is more specific than the state law. *See Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1151–53 (9th Cir.2000) (explaining the various grounds for preemption).

Second, Indymac argues that "it is fundamental that a statute should not be interpreted in a manner that would lead to absurd results." (Mot., p. 8.) Therefore, Indymac avers, the Court should bar the Non–Opt–Ins' UCL claim because "[i]t would be anomalous indeed for the legislative branches specifically to restrict non-opt-ins from participating in an action and *simultaneously* to permit the same individuals to take part in an action which 'borrows' the limited statute." (*Id.* at 9.)

The Court disagrees that permitting the Non–Opt–Ins to pursue their UCL claim would lead to an absurd result. As explained above, the policy considerations that support the opt-in provision of Section 216(b) are not present where employees seek *restitution* under the UCL. It is not anomalous to permit an action under the UCL for restitution without following the opt-in requirement of Section 216(b), while at the same time enforcing the requirements of Section 216(b) if plaintiffs seek

more severe remedies under the FLSA directly.[2]

## IV. CONCLUSION

For the foregoing reasons, Indymac's motion is denied.

---

**2.** Indymac's remaining policy arguments are inapplicable in light of well-articulated case law.