Sidhartha MISRA, Jane Thibeaux, Elizabeth Wolf, Brian Johnson, and Rebecca Gleffe individually, on behalf of others similarly situated, and on behalf of the general public, Plaintiffs

v.

DECISION ONE MORTGAGE COMPANY, LLC, HSBC Financial Services Corporation (USA), HSBC Finance Corporation, and DOES 1–10 inclusive, Defendants.

Case No. SA CV 07–994 DOC (RCx).

United States District Court,
C.D. California.

June 23, 2008.

See, also, 2009 WL 4581276.

Donald H. Nichols, Paul J. Lukas, Nichols Kaster PLLP, Minneapolis, MN, Matthew C. Helland, Nichols Kaster LLP, San Francisco, CA, for Plaintiffs.

Matthew Charles Kane, Michelle R. Walker, Sabrina A. Beldner, Sara E. Wiley, McGuirewoods LLP, LOS Angeles, CA, for Defendants.

*ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE PURSUANT TO § 216(B) AND FOR PRODUCTION OF CLASS LIST; and DENYING DEFENDANTS' MOTION TO STRIKE CLASS ACTION CLAIMS AND ALLEGATIONS*

DAVID O. CARTER, District Judge.

Before the Court is Plaintiffs' Motion for Conditional Class Certification and Judicial Notice Pursuant to § 216(b) of the FLSA, and for Production of Class List in Excel Format Within 10 Days of the Date this Motion is Granted ("FLSA Certification Motion"), as well as Defendants' Motion to Strike Class Action Claims and Allegations in Plaintiffs' First Amended Complaint Pursuant to L.R. 23–3 and F.R.C.P. 23(d)(1)(D) ("Motion to Strike"). After considering the moving, opposing, replying, and supplemental papers, as well as oral arguments by the parties, and for the reasons set forth below, the Court hereby GRANTS the FLSA Certification Motion and DENIES the Motion to Strike.[1]

## I. BACKGROUND

Decision One Mortgage Company was a wholesale residential mortgage lender, which shut down all of its mortgage origination operations shortly after the commencement of this action. Prior to its shut down, and during the last four years, Decision One had up to 22 branches nationwide in Atlanta, Boca Raton, Charlotte, Chicago, Cleveland, Denver, Detroit, Houston, Indianapolis, Los Angeles (Brea), Minneapolis, Modesto, New Jersey, Philadelphia, Phoenix, Portland (Oregon), Providence, San Die go, St. Louis, Tampa,

---

1. As a preliminary matter, the parties make a number of objections to evidence submitted in conjunction with the motions. To the extent the Court relies on such evidence in this Order, these objections are OVERRULED.

Washington, D.C., and Woodland Hills. Declaration of Joy Martin ¶ 3.

Plaintiffs Sidhartha Misra ("Misra"), Jane Thibeaux ("Thibeaux"), Elizabeth Wolf ("Wolf"), Brian Johnson ("Johnson") and Rebecca Gleffe ("Gleffe") (collectively, "Plaintiffs") were allegedly employed by Defendants Decision One Mortgage Company ("Decision One"), HSBC Financial Service Corporation (USA), and HSBC Finance Corporation (together, "HSBC"). HSBC Finance Corporation is the parent company of Decision One. Plaintiffs allegedly had the job titles of "Inside Account Executive", "Account Manager II" or "Account Manager III."

Specifically, Misra, a resident of California, was employed by Defendants from September 2006 through January 2007 as an Inside Account Executive working in Brea, California. Thibeaux, a resident of California, was employed by Defendants from February 2003 through February 2005 as an Account Manager II, in Modesto, California. Wolf, a resident of Missouri, was employed by Defendants in St. Louis, Missouri, as an Account Manager II from June 2002 through approximately the middle of the year in 2003, and as an Account Manager III thereafter until October 2006. Johnson, a resident of Indiana, was employed by Defendants in Hamilton County, Indiana, as an Account Manager II from May 2003 through March 2006, and as an Account Manager III thereafter until February 2007. Gleffe, a resident of Pennsylvania, was employed by Defendants in 2000, and became an Account Manager III in 2002, in Charlotte, North Carolina. She worked as an Account Manager III in Defendants' Philadelphia, Pennsylvania branch from October 2004 until August 2005. She also worked as an Inside Account Executive in Philadelphia, Pennsylvania from June 2007 through July 2007.

Plaintiffs allege that Defendants misclassified Plaintiffs with the job title of 'Inside Account Executive' and 'Account Manager III' as exempt from federal and state overtime laws, and that Defendants misrepresented to those employees that they were exempt and not entitled to overtime pay. Plaintiffs also allege that, although Defendants properly classified employees with the job title of 'Account Manager II' as non-exempt, they nonetheless failed to pay full overtime compensation for the hours worked in excess of forty hours a week. Plaintiffs allege that Defendants' conduct was willful and in bad faith.

In the Complaint, Plaintiffs seek to represent a Collective Class, a California Class, and a Pennsylvania Class. According to the Complaint, the Collective Class would be made of all persons who are or have been employed by Defendants as an Inside Account Executive, Account Manager II or Account Manager III, at any time within the United States between August 23, 2004 and August 23, 2007. The California Class would be made up of all persons who are or have been employed by Defendants as an Inside Account Executive, Account Manager II or Account Manager III, at any time within California between August 23, 2003 and August 23, 2007. The Pennsylvania Class would be made up of all persons who are or have been employed by Defendants as an Inside Account Executive, Account Manager II or Account Manager III, at any time within California between August 23, 2004 and August 23, 2007.

In the instant Motion to Strike, Defendants seek to strike all of Plaintiffs' purported class action claims and allegations in the First Amended Complaint ("FAC"). In the FLSA Certification Motion, Plaintiffs seek a first stage certification of the FLSA class. The class for which Plaintiffs

currently seek conditional certification is all Inside Account Executives and Account Manager III's who worked for Decision One Mortgage Company, LLC or HSBC from the date three years prior to the mailing date of the notice to the present.

The initial hearing on the instant motions was held on April 14, 2008. At that hearing the Court issue a tentative ruling denying the Motion to Strike and staying the FLSA Certification Motion. The Court indicated its inclination to conditionally certify the class as to the Account Manager III's and requested more information regarding the Inside Account Executives. The Court also ordered supplemental briefing as to the relationship between the HSBC Defendants and Decision One with respect to employment of Plaintiffs. The parties submitted supplemental briefing addressing these issues, and a subsequent hearing was held on May 19, 2008.

## II. LEGAL STANDARD

### A. Motion to Strike

■ Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f). Motions to strike are disfavored and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D.Cal.1992). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (internal quotation marks and citation omitted), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

Under Fed.R.Civ.P. 23(d)(1)(D), the Court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Under Local Rule 23–3, "[w]ithin 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."

### B. FLSA Certification Motion

■ The Fair Labor Standards Act ("FLSA") prohibits an employer from failing to pay overtime wages to an employee. 29 U.S.C. § 207(a). The statute provides that an aggrieved employee may bring a collective action on behalf of herself and other employees "similarly situated" based on an employer's failure to pay such wages. *Id.* § 216(b). Potential collective action plaintiffs must "opt-in" to the action by filing a written consent with the court. *See id.* (stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"); *Does I through XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1064 (9th Cir.2000). If similarly situated employees do not "opt-in" to the collective action, these employees are not bound by any judgment reached in the action. *Leuthold v. Destination Am., Inc.,* 224 F.R.D. 462, 466 (N.D.Cal.2004).

■ In determining whether to certify a collective action under the FLSA, a district court must determine if the proposed class is "similarly situated" to the lead plaintiff. A majority of courts have adopted a two-step approach for determining whether a class is "similarly situated." *See id.* (citing district courts adopting the

two-step approach and following that approach); *Pfohl v. Farmers Ins. Group*, No. CV 03–3080 DT (RCx), 2004 WL 554834, at *2 (C.D.Cal. Mar. 1, 2004) (same). Under this two-step approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action. *Leuthold*, 224 F.R.D. at 467. Since this first determination is generally made before the close of discovery and based on a limited amount of evidence, the court applies a fairly lenient standard and typically grants conditional class certification. *Id.*; *Pfohl*, 2004 WL 554834, at *2. The standard applied is less rigorous than the commonality requirement of Rule 23. *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 306 (N.D.Cal.1991).

██ To satisfy the initial step, a plaintiff need only make "a modest factual showing sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 238 (N.D.N.Y.2002) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp 2d 303, 306 (S.D.N.Y.1998)). If conditional class certification is granted, the district court may authorize the named plaintiff to send written notice to all potential plaintiffs and set a deadline for those plaintiffs to opt-in to the suit. *Leuthold*, 224 F.R.D. at 466.

██ The second step in this approach occurs after discovery is complete, at which time the defendants may move to decertify the class. *Id.* at 467. In this second-step determination, the court makes a factual determination about whether the plaintiffs are similarly situated by weighing such factors as "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural consider-

ations." *Pfohl*, 2004 WL 554834, at *2 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001)). If the district court determines that the plaintiffs are not similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Leuthold*, 224 F.R.D. at 467.

## III. DISCUSSION

### A. Motion to Strike

Defendants move to strike Plaintiffs' class claims and allegations on four grounds. First, Defendants argue that the class claims should be stricken because Plaintiffs failed to comply with Local Rule 23–3 by not filing a motion for class certification within 90 days of the service of the original Complaint. Second, Defendants argue that the pursuit of state law opt-out class action claims pursuant to Fed. R.Civ.P. 23 is inherently incompatible with simultaneous pursuit of opt-in collective action FLSA claims under 29 U.S.C. § 216(b). Third, Defendants argue that the Rules Enabling Act at 28 U.S.C. § 2072 precludes simultaneous pursuit of these claims. Finally, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the state law claims. The Court finds these arguments to be unpersuasive at this stage, but will take into consideration the complications that might arise from simultaneous pursuit of opt-in FLSA claims and opt-out state law claims at the class certification hearing on the Rule 23 state law class claims.

██ As to the first argument, Defendants are correct that Plaintiffs did not file a motion for class certification within the 90 days required by L.R. 23–3. However, L.R. 23–3 also states that the requirements apply unless otherwise ordered by the Court. Thus, the Court has discretion to permit class certification after the 90

day period under the Local Rules. Furthermore, under Fed.R.Civ.P. 23(c)(1)(A), there is no specific time limitation; instead, the determination must be made "[a]t an early practicable time." Discovery has been slow to commence in this action. Furthermore, through no fault of Plaintiffs, the 90 day cut-off contemplated by the Local Rules occurred prior to the Rule 16 scheduling conference. Thus, the case schedule and the motion deadlines had not yet been laid out between the parties. In fact, the scheduling conference is occurring on the same day as the hearings on the instant motions. Furthermore, the parties have submitted a joint Rule 26(f) discovery plan with a joint request for the class certification discovery cut-off to be August 22, 2008 and Plaintiffs' opening briefing to be filed by the same day. The parties' joint request also asks for the hearing on class certification to occur on October 20, 2008. If the scheduling conference had occurred prior to the 90 day cut-off set forth in L.R. 23–3, the parties would have presumably made their joint recommendations prior to the deadline and the Court would have entered an order setting the class certification deadlines. Thus, it would be inequitable to strike Plaintiffs' class claims based on the fortuity of the scheduling conference date.

■ As to the remaining arguments, the Court finds that none merit striking the class allegations at this stage. Defendants' arguments have been tested previously, and there is little, if any, authority in the Ninth Circuit or its district courts to support striking the Rule 23 class claims at this stage of the litigation in a motion to strike. The Court agrees that there are some concerns related to simultaneous pursuit of FLSA opt-in collective claims and state law opt-out Rule 23 class claims. The Court will address these concerns at the class certification hearing. However, the argument that state law class claims and FLSA collective action claims cannot proceed together is unavailing in a motion to strike.

■ First, the Court notes that numerous district court opinions in the Ninth Circuit have permitted FLSA claims and state law claims to proceed in the same action. *See, e.g., Ellison v. Autozone Inc.,* 2007 WL 2701923 (N.D.Cal. Sept. 13, 2007); *Baas v. Dollar Tree Stores, Inc.,* 2007 WL 2462150 (N.D.Cal. Aug. 29, 2007); *Bamonte v. City of Mesa,* 2007 WL 2022011 (D.Ariz. July 10, 2007); *Ramirez v. RDO–BOS Farms, LLC,* 2007 WL 273604 (D.Or. Jan. 23, 2007); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474 (E.D.Cal.2006); *Breeden v. Benchmark Lending Group, Inc.,* 229 F.R.D. 623 (N.D.Cal.2005); *Tomlinson v. Indymac Bank, F.S.B.,* 359 F.Supp.2d 898 (C.D.Cal. 2005); *Barnett v. Washington Mut. Bank, FA,* 2004 WL 2011462 (N.D.Cal. Sept. 9, 2004). These cases, although not all directly addressing the issue, demonstrate that an opt-out class under Rule 23 is not inherently incompatible with an FLSA opt-in class. The FLSA makes clear that "it does not preempt state law claims for wage violations." *Thorpe v. Abbott Labs.,* 534 F.Supp.2d 1120, 1124 (N.D.Cal.2008); 29 U.S.C. § 218(a). Furthermore, the Court finds the reasoning in *Ellison v. Autozone* to be persuasive. *See Ellison,* 2007 WL 2701923. There, just as here, the plaintiffs did "not attempt to certify a FLSA collective class under Rule 23, but rather intend[ed] to prosecute both under their respective procedures." *Id.* at *2. In *Ellison,* the defendant argued that the FLSA opt-in class was incompatible with the Rule 23 opt-out class. *Id.* The court explained:

> [w]hile Defendant may ultimately be able to demonstrate that having concurrent opt-in and opt-out proceedings is unworkable or would unduly confuse potential plaintiffs, this is a fact-specific

and case management issue that the Court finds inappropriate to resolve at the Rule 12(f) standard. [citation] Additionally, courts in this circuit have already concluded that FLSA collective actions and Rule 23 state law class actions are not incompatible and have allowed plaintiffs to pursue both in the same action.

*Id.* (citations omitted). This Court agrees. Plaintiffs' "simultaneous pursuit of FLSA and Rule 23 actions" is not " 'spurious' or unable to prevail under any circumstances." *Id.*

 Furthermore, the simultaneous pursuit of the claims does not abridge substantive rights in contravention of the Rules Enabling Act, 28 U.S.C. § 2072(b) ("REA"), which states that procedural rules shall not "abridge, enlarge or modify any substantive right." Defendants' substantive rights will not be violated where the only FLSA claims that will be adjudicated will be those on behalf of employees who decide to file consent forms. In addition, Plaintiffs are permitted to pursue state law claims for wage violations, as these claims are not preempted by the FLSA. Aggregation of these claims with FLSA claims does not modify Plaintiffs' or Defendants' substantive rights. Each category of claims could potentially contain valid causes of action independently, and each category could still potentially contain valid causes of action when aggregated together. The Court can address any potential harm that might result to the parties from the class structure at the appropriate time, if class certification is granted. However, the underlying substance of the claims does not necessarily change when they are aggregated. Finally, whether or not the Court exercises supplemental jurisdiction of the state law claims requires a very specific analysis that will depend on factors such as the number of class members in each purported class. Accordingly, the Court finds such a determination to be premature. In light of all the cases in which courts have permitted these claims to proceed, the Court declines to strike the claims on the grounds raised by Defendants in a motion to strike. The Court will make its determinations regarding whether to certify the Rule 23 class claims during the class certification hearing.

## B. FLSA Certification Motion

At this initial step of collective action analysis, the Court must determine whether Plaintiffs have made a modest factual showing that they and other nationwide Defendants' employees who worked as Account Manager III's and Inside Account Executives were "victims of a common policy or plan that violated the law." *Roebuck,* 239 F.Supp.2d at 238. Plaintiffs argue that the Account Manager III's and Inside Account Executives are "similarly situated" to other Account Manager III's and Inside Account Executives for the purposes of the FLSA. In support of the FLSA Certification Motion, Plaintiffs submit 18 declarations from 12 different branches in 10 different states outlining details of the compensation structure and work hours of Inside Account Executives and Account Manager III's. Declaration of Matthew C. Helland, Exh. 2. Despite having received little discovery from Defendants, Plaintiffs have gathered the necessary evidence for the FLSA Certification Motion through these Plaintiffs' declarations. The Court finds that the declarations, along with the other evidence presented to the Court, satisfy the modest factual showing that is required with respect to the FLSA Certification Motion.

### 1. Account Manager III's

 The Court grants the FLSA Certification Motion with respect to the Account Manager III's. Specifically, Plaintiffs' declarations are sufficient to establish a modest factual showing to support alle-

gations of consistent treatment of Account Manager III's as exempt employees, Defendants' failure to pay Account Manager III's overtime for hours worked over forty, Defendants' failure to provide a method for Plaintiffs to keep track of hours, and similar treatment between various Account Manager III's, among other aspects of Plaintiffs' claims. *See id.*

■■■ Defendants set forth pages of arguments in order to attempt to overcome the modest factual showing made by Plaintiffs. For instance, Defendants set forth geographic and branch-related differences in various Account Manager III's jobs. Defendants claim that each of the twenty-two branches were independently managed, had different organizational structures, and engaged in different loan processes. However, this evidence does not overcome the modest factual showing met by Plaintiffs of showing similar situations between the Account Manager III's. "At the notice stage, Plaintiffs need not show that their positions were identical to the putative class members' positions." *Delgado v. Ortho–McNeil*, 2007 WL 2847238, at *2 (C.D.Cal. Aug. 7, 2007) (citing *Freeman v. Wal–Mart Stores, Inc.*, 256 F.Supp.2d 941, 945 (W.D.Ark.2003)). Plaintiffs allege that Defendants improperly classified all of the Account Manager III's as exempt for purposes of overtime compensation. Defendants do not dispute these arguments. "It is somewhat disingenuous, then, for Defendants to argue that they should be permitted to treat all sales representatives as one group for purposes of classifying them as exempt, but that this Court can only determine the validity of that classification by looking to the specific job duties of each individual sales representative." *Id.* "Defendant cannot, on the one hand, argue that [plaintiffs] are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each [plaintiff] in order to determine whether that

individual is 'exempt'." *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 613 (2005). Defendants' arguments are "better suited for the more stringent second step of the § 216(b) collective action certification analysis." *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D.Cal. Dec. 12, 2006).

The consistency of the statements in the various declarations submitted by Plaintiffs is sufficient to satisfy a modest factual showing that they were similarly situated, in that they routinely worked unpaid overtime in violation of the FLSA. For these reasons, the Court grants the FLSA Certification Motion with respect to the Account Manager III's.

### 2. Inside Account Executives

■■■ Plaintiffs have set forth similar declarations with respect to the Inside Account Executives. These declarations, in conjunction with the supplemental briefing, are sufficient to satisfy the modest factual showing required of Plaintiffs as to the similar treatment of Inside Account Executives.

Defendants maintain, based on declarations and deposition testimony provided by Joy Martin, the Human Resources Director at Decision One, that no Inside Account Executives existed prior to November 2006, except in Washington, D.C., where a "rogue" Decision One branch violated the Senior Vice President of Sale's directive that all Account Executives work "on the street" as opposed to inside their assigned branch office. Defendants claim that this discovery then led to the creation of the Inside Account Executive position in November 2006. Defendants claim that there was no such position prior to November 2006, and that after November 2006 those Inside Account Executives that were classified as exempt were properly classified based on their being highly compen-

sated, in addition to their job duties, experience and skill level.

However, Defendants hinge their opposition on the internal human resources job title and classification of "Inside Account Executive." Since this human resources code did not exist prior to November 2006, Defendants argue that the job did not exist prior to 2006. To allow Defendants to prevail on this FLSA Certification Motion, which only requires a modest factual showing by Plaintiffs, based on mere semantics would be inequitable. The evidence on the record clearly shows that individuals were employed by Defendants in positions equivalent to "inside" Account Executives prior to November 2006. In other words, Defendants employed Account Executives who worked inside their assigned branch offices. This evidence is sufficient to satisfy Plaintiffs' modest factual showing.

Not only does the evidence demonstrate that there were Account Executives working "inside" prior to November 2006, but it also shows that Defendants must have been aware of such employees in their central offices; if they were unaware that many Branch Managers employed the equivalent of inside Account Executives, then Defendants irresponsibly managed the offices and should be held accountable. The Court will not allow Defendants to hide behind individual Branch Managers' actions by claiming that they led "rogue offices."

The evidence showing the existence of inside Account Executives and Defendants' awareness of these employees includes the following: (1) statements by Joy Martin that the Washington, D.C., branch had "predominantly more" inside Account Executives in 2005 than outside Account Executives; (2) statements by Joy Martin that Branch Managers had discretion regarding how their branch was staffed prior to November 2006; (3) organizational flow charts created by Defendants in 2005 that indicate that Defendants had inside sales teams in at least seven offices in 2005: Charlotte, Chicago, Cleveland, Denver, Minneapolis, St. Louis, and Tampa; (4) the fact that Decision One's headquarters was located in Charlotte, adjacent to the Charlotte branch which employed inside Account Executives in 2005; (5) emails received by the human resources department in the years prior to November 2006 when branch offices hired "inside account executives," notifying human resources of the new hires; (6) the fact that the Tampa branch employed the equivalent of inside Account Executives prior to November 2006 and Joy Martin visited the Tampa branch; (7) a declaration by Christopher DeFilippis that he personally administered training at the Charlotte corporate headquarters to participants from various Decision One branches around the country prior to November 2006; and (8) testimony from DeFilippis that job duties of inside Account Executives were the same both before and after November 2006.

In light of the above evidence, along with the showing that all account executives were classified as exempt prior to November 2006, Plaintiffs have clearly met their burden for the purposes of the first stage of conditional class certification. Defendants treated account executives similarly by classifying them as exempt, and Defendants were either negligently ignorant to the existence of account executives working inside, or they turned a blind eye to such practices.

In addition, Plaintiffs have met their burden with respect to Fully–Qualified Inside Account Executives outside of California and Illinois who worked after November 2006. Specifically, Joy Martin stated that Fully–Qualified Inside Account Executives were classified as exempt pursuant to the highly compensated employee exemption. Martin Depo. at 115–116. Furthermore, the evidence indicates that Ac-

count Executives' primary duty was sales, based on Joy Martin's deposition. *See* Martin Depo. at 154. "However, an employee whose primary duty is selling financial products does not qualify for the administrative exemption." 29 C.F.R. § 541.203(b); *see also Wong v. HSBC Mortg. Corp. (USA)*, 2008 WL 753889, at *6–7 (N.D.Cal.2008) (holding that the administrative exemption did not apply where "defendants have not identified any evidence to support a finding that plaintiffs' primary duty is something other than sales"). "Because the FLSA is to be liberally construed to apply to the furthest reaches consistent with Congressional direction ... FLSA exemptions are to be narrowly construed against ... employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124–1125 (9th Cir.2002) (internal quotation and citation omitted). Thus, for the purposes of the FLSA Certification Motion, Plaintiffs have met their burden of showing that Fully–Qualified Inside Account Executives outside of California and Illinois who worked after November 2006 were victims of a common plan.

The Court hereby GRANTS the FLSA Certification Motion as to employees working as the equivalent of inside Account Executives prior to November 2006 and those working as Fully–Qualified Inside Account Executives outside of California and Illinois after November 2006. Plaintiff Misra, hired as an account executive in September 2006 and classified as a salaried, exempt employee, may serve as a class representative of those account executives improperly classified as exempt.

### 3. Notice

Notice will be sent to all Account Manager III's who worked for Decision One Mortgage Company, LLC or HSBC from the date three years prior to the mailing date of the notice to the present, incorporating the relevant tolling. Notice will also be sent to all Account Executives who worked prior to November 2006 and all Fully–Qualified Inside Account Executives outside of California and Illinois who worked after November 2006, from the date three years prior to the mailing date of the notice to the present, incorporating the relevant tolling.

Finally, the HSBC Defendants will be included in the notice. Defendants have been less than forthcoming with information they control related to the HSBC Defendants' association with the putative class members. Given the lack of information and the fact that Defendants control the information, the Court will construe the evidence in favor of Plaintiffs for the purposes of the threshold showing in the first stage conditional certification. In addition to Decision One being a subsidiary member of the HSBC group of companies, there is evidence that Joy Martin was closely associated with the HSBC Defendants with respect to certain human resources policies and decisions. There is also evidence that Decision One used a "shared services group" provided by the HSBC Defendants for legal and payroll functions. Such evidence qualifies as a sufficient modest factual showing for the purposes of this FLSA Certification Motion.

The parties are ordered to submit a stipulated notice, taking into account the Court's rulings in the instant Order, for the Court's review on or before July 14, 2008. Furthermore, Defendants are ordered to produce a class list, in Excel format, containing the names, addresses, dates of employment, location(s) of employment, and employee numbers of all Account Manager III's, Account Executives who worked prior to November 2006, and all Fully–Qualified Inside Account Executives outside of California and Illinois

who worked after November 2006, from the date three years prior to July 14, 2008 to the present, incorporating the relevant tolling. The Court will not impose the additional financial burden of a third-party administrator on Plaintiffs, nor will the Court require that social security numbers or phone numbers be included in the list. The list shall be produced on or before July 14, 2008.

### 4. Tolling of Statute of Limitations

 The parties initially agreed to toll the statute of limitations for 35 days for the putative class members' FLSA claims. Plaintiffs have requested that this tolling be extended due to the need for additional discovery that was conducted prior to the Court's ruling on the FLSA Certification Motion. In light of these delays through no fault of Plaintiffs, the Court tolls the statute of limitations until Defendants produce the class list and the stipulated notice is approved by the Court.

### C. Sanctions

 Plaintiffs request that sanctions be imposed on Defendants due to bad faith opposition to the instant Motion. Although the Court is concerned about the control and manipulation of information possessed by Defendants, the Court does not find that Defendants have acted in a way to merit sanctions. Accordingly, Plaintiffs' request that sanctions issue is hereby DENIED.

## IV. DISPOSITION

For the above mentioned reasons, Defendants' Motion to Strike is hereby DENIED. The Court will address issues related to the simultaneous pursuit of Rule 23 opt-in claims and FLSA opt-out claims when it address the class certification motion.

The FLSA Certification Motion is hereby GRANTED as to the Account Manager III's. The class is conditionally certified as to all Account Manager III's who worked for Decision One Mortgage Company, LLC or the HSBC Defendants from the date three years prior to the mailing date of the notice to the present, incorporating the relevant tolling. In addition the Court hereby GRANTS the FLSA Certification Motion as to Account Executives working "inside" prior to November 2006, regardless of the specific human resources code that was given to these individuals, and those working as Fully–Qualified Inside Account Executives outside of California and Illinois after November 2006. The class is conditionally certified as to these Account Executives working from three years prior to the mailing date of the notice to the present, incorporating the relevant tolling.

The parties are ordered to submit a stipulated notice for the Court's review on or before July 14, 2008. Notice will issue as to both the HSBC Defendants and Decision One.

Defendants are ordered to produce a class list, in Excel format, containing the names, addresses, dates of employment, location(s) of employment, and employee numbers of all Account Manager III's, all Account Executives who worked prior to November 2006, and all Fully–Qualified Inside Account Executives outside of California and Illinois who worked after November 2006, from the date three years prior to July 14, 2008 to the present, incorporating the relevant tolling.

The Court tolls the statute of limitations until Defendants produce the class list and the stipulated notice is approved by the Court.

Plaintiffs' request for sanctions is hereby DENIED.

IT IS SO ORDERED.